WOODMAN *versus* INHABITANTS OF THE COUNTY OF SOMERSET.

Of the distinction between Courts of record and not of record.

The Court of County Commissioners is not a Court of record.

To actions commenced on the judgments of that Court, after the lapse of six years, the statute of limitations may legally be interposed.

ON REPORT from *Nisi Prius,* HOWARD, J., presiding.

DEBT, on a judgment of the County Commissioners of Somerset county, rendered in March, 1838. The writ is

dated July 18, 1851. The defendants put in three several pleas, the last of which was the statute of limitations, to which there was a demurrer and joinder. There was also an issue upon the plea of *nil debet*. The plaintiff introduced evidence of the laying out of a road by the County Commissioners across his land, upon proceedings had, and a judgment of that Court for the damages sought to be recovered in this action. He also introduced the records of the County Commissioners for opening the road; and the report of the committee appointed to open it.

It was admitted that the Clerk of the Courts could find no evidence on his files or in his records of the opening and making of the road.

It was also admitted, that the plaintiff took an order from the clerk of Somerset county on the 13th of November, 1839, for the amount of his claim, on the county treasurer of Somerset, and on the same day demanded payment of the treasurer, who refused to pay the same, and an action was brought thereon, a report of which appears in 25 Maine, 300.

The plaintiff demanded payment of the said judgment of the treasurer of Somerset on the seventh day of April, 1851.

After this testimony was out and these admissions made, it was agreed, that the presiding Judge should report the case for the consideration of the whole Court, the Court to draw such inferences from the evidence admissible, as a jury might draw, and to enter such judgment as the law and evidence might require.

The cause was argued at great length by the respective counsel employed, upon all the points arising in the case, but it will only be necessary to report the substance of the arguments touching the point on which the action was decided.

*J. S. Abbott,* for the defendants.

The third plea is the statute of limitations in usual form, to which plea the plaintiff has filed a general demurrer,

which is joined. Under such a demurrer no defects in form in the plea can be taken advantage of. The defendants therefore claim judgment upon the third plea, irrespective of any proofs in the case.

The statute of limitations is a bar to this action, as provided in R. S. c. 146, § 1, which is substantially a reenactment of the statute of 1821, c. 62. And if it were not, as it affects the remedy only, it would be applicable to this case.

It is contended, that the Court of County Commissioners is not a court of record within the meaning of the R. S. c. 146; but that by a "court of record, within the meaning of that chapter, is intended a court whose proceedings are according to the course of the common law, and whose judgments, when erroneous, may be reversed.

By implication, the statute cited treats some courts in this State, other than those of a justice of the peace, as *not* courts of record; for it speaks of "actions upon judgments rendered" in a court, not being a court of record. It is not perceived that there are any courts in this State, having power to render judgments, and still not to be regarded as courts of record within the meaning of this statute, unless the Court of County Commissioners is such a court.

In accordance with this view, the legislature has from time to time provided that, in certain specified cases, an action of debt may be brought upon an order or judgment of the Court of Commissioners, in the same manner, and under the same regulations that actions of debt may be brought and maintained upon judgments of other Courts in this State. Laws of 1833, c. 64, § 2.

Other similar laws might be cited, *though none of them embrace this case,* for no warrant was issued, or ordered to be issued in this case, as provided in c. 64 of the laws of 1833.

Now, why such legislation, if the Court of County Commissioners is a court of record, within the meaning of the statute? For, if a court of record, might not an action be

brought and maintained upon its judgments, without such legislation, just as well as upon a judgment of any other court of record?

Again, this action is not "brought upon the judgment or decree of some court of record," even if the Court of County Commissioners should be held to be a court of record.

It is brought partly upon an order, decree or judgment of the court, and partly upon proof of notice that the road was opened, and that a demand for payment was made. The three allegations in each count in the writ, (except the last,) viz. :— the judgment, the notice that the road was opened, and the demand, are all material and necessary to be proved.

The exception in the statute is, "actions founded upon judgments;" that is, upon judgments exclusively; not upon judgments and other facts jointly, which other facts are material to be alleged and proved.

Such, it is contended, is the obvious meaning of the statute; and such a construction is required by the object and intent of the statute.

One important object of the statute of limitations evidently is, to relieve both parties to any action, within the six years limitation, from the necessity of procuring oral testimony more than six years from the time the cause of action accrued.

Now in the case at bar, two of the material facts, on which the action is founded, which are alleged in the declaration, and without proof of which the action cannot be maintained, namely, the notice that the road was opened, and the demand of payment, are provable by parol only.

Hence it is considered, that this action cannot be regarded as "an action upon a judgment," but an action upon a judgment and other material and alleged facts, provable by parol, and hence clearly within the meaning of the statute cited, limiting the time within which the action must be brought to six years.

Under this branch of the case, it remains to be consider-
ed, whether six years did pass after the cause of action
accrued and before the commencement of the action. The
Court can only look at the declaration, the plea, the demur-
rer and joinder.

As the plea is demurred to generally, the allegations in
the plea are to be regarded as true, which alleges that no
cause of action set forth in the plaintiff's writ and declara-
tion accrued to the plaintiff at any time within six years
next before the commencement of said action.

This allegation the demurrer admits to be true. Hence
it follows that judgment must be rendered for the defend-
ants, unless, upon inspecting the declaration, it appears that
the action is such an one as not to be within the six years
limitation statute.

*J. H. Webster,* for plaintiff.

The defendants claim that the limitation of six years
applies to this action, and allege that the County Commis-
sioners are not a court of record.

It would seem that the County Commissioners' Court of
this State is a court of record, as by the statutes creating
and modifying it, it is required to keep the same record as
any other court of record, and by that requirement is as
much constituted a court of record as any in the State. No
statute of this State in express terms provides that the
court constituted or modified by it, shall or shall not be a
court of record.

By statutes of 34 Edward 3, c. 1, passed in the year 1361,
sessions of justices of the peace were constituted courts of
records, and after that a *custos rotulorum* appointed to
keep the records. Such they remained till the time of
Blackstone, and for aught I know exist in England at the
present day in all their original vigor. These justices'
sessions were afterwards called general sessions and quar-
ter sessions, and had jurisdiction of highways, to alter,
widen and keep them in repair, to award damages to the
owners of land injured by alterations of roads, and to

assess a tax for their payment upon those bound to pay these damages. They had jurisdiction of the prudential affairs of the county. Com. Dig. *Chemin passim.*

All the justices in the county might sit at any session, although two would sometimes constitute a session for some purposes. Com. Dig. Justices of the Peace, D. 1. Sometimes it required four or five. Ibid, *Chemin.*

This Court, with its powers, authority and duties, and characteristics, was well known to our ancestors when they came from England here. And when they established it here by the distinctive name it bore, and gave it the jurisdiction it possessed in England, they gave it the power and distinctive character it had there. The Act establishing it provides, that "a Court of General Sessions shall be held," and not that a court having such power shall be held and called General Sessions, but a Court of General Sessions.

Such was the law, and the character and nature of this court at the time of the Revolution, and such it continued until 1781, Nov. 2, when the General Court of Massachusetts, by an Act of that date, Laws of Mass. vol. 1, p. 63, recognized the Court of General Sessions as a well known and established court, and imposed upon it the burden of making county estimates for county taxes. July 3, 1782, the General Court of Mass. passed a law, requiring a Court of General Sessions to be held at the times and places appointed by law by the justices of each county, (the same as in England,) for criminal jurisdiction. Laws of Mass. vol. 1, p. 74.

From time to time, laws have been enacted touching this court, and I refer the Court to stat. of March 5, 1787, Feb. 28, 1808, June 19, 1809, June 25, 1811, June 14, 1814, Feb. 20, 1819.

This last act was in force at the time of the separation, and by force of it, the Court of Sessions existed at that time.

By § 6, of Act of separation, passed June 19, 1819, all officers who held commissions, or exercised jurisdiction in

Maine, March 15, 1820, except Judges of S. J. Court, were within the State of Maine to continue to exercise and enjoy all the power and authority, granted them by the laws under which they held their appointment until others were appointed in their stead, or their offices abolished.  6 Laws Mass. 245.  This section of that Act is made a part of the Constitution of Maine, by Art. 10, § 5, of Constitution of Maine, and by Art. 10, § 3, of Constitution of Maine, all laws of Massachusetts, not repugnant to the Constitution, are retained until repealed or expired by limitation.  On the 27th June, 1820, the Legislature of Maine passed an Act, establishing a Court of Sessions in each county in the State, to consist of one chief justice, and not over four, nor less than two associate justices, and changing the times of holding their courts, but in other respects very similar to the Act of Mass., Feb. 20, 1819.  Laws of Maine, 349.

On March 2, 1821, the Legislature passed an Act, modifying and limiting the jurisdiction over highways of the Courts of Sessions.  Ibid, 509.  On February 25, 1825, the Court of Sessions was slightly modified, and the number of justices limited to three in all.  Statute of 1825, c. 306.

On the 10th of March, 1831, the Legislature changed the style of the Court, from that of Court of Sessions to County Commissioners, and also the tenor of office to three years, but retained all the powers, authorities and duties, except so far as the same was modified and altered by that Act. Statute of 1831, c. 500.  But nothing in that Act indicates an intention to change the Court from a Court of record, to a Court not of record.  This Court, as thus provided for and constituted, remained with little or no variation until the statutes were revised in 1840, when the law of 1831 was in substance reënacted by R. S. c. 99, and the court now exists.  Here we have a court established by competent authority, 493 years since as a court of record, and existing under the same name 470 years, with some modifications, but none indicating a change from a court of record to a court not of record, and all this time having

jurisdiction over highways and the prudential affairs of the county until 1831, when the name or style is changed, and also the tenure of office; or, if you please, a new court is created, having the same powers, authorities and duties, to be exercised in the same way, but exhibiting no intention in the Act creating it, to constitute the substituted court a court not of record.

If this parentage, lineage and history, supported by all the legal enactments that we find concerning it, having existed 470 years under one name, and 23 under another, do not entitle the Court of County Commissioners to be called a court of record, I should like to know what parentage, lineage or legal enactments could entitle a court to that dignity.

It would seem that a court recognized as a court of record 493 years, would thereby gain a pretty sure title to that distinction. If the Commissioners' Court is a court of record, there is an end of defendant's case.

SHEPLEY, C. J. — The action is debt upon a judgment of the Court of County Commissioners rendered in the month of March, 1838. The suit was commenced on July 18, 1851. The declaration contains four counts, the last of which is assumpsit. The pleas are *nul tiel record, nil debet,* and the statute of limitations. The first concludes with a verification, which is joined by a *similiter* without any replication. On the second an issue to the country is joined. To the third there is a demurrer and joinder.

If the case may be decided upon the third plea, it will not be necessary to notice the defects in the declaration and pleadings.

The statute of limitations, c. 146, § 1, requires that "all actions upon judgments rendered in any court not being a court of record, except justices of the peace, in this State," shall be commenced within six years next after the cause of action shall accrue.

If upon the facts reported, any action has accrued to the

plaintiff, it did so more than six years before the commencement of this suit. Although the cause of action may have accrued before they were in force, the provisions of the Revised Statutes are applicable to it. *Crehore* v. *Mason*, 23 Maine, 413.

The rights of the parties may depend upon a determination, that the Court of County Commissioners is or is not a court of record.

Whether a court be a court of record, does not depend upon the fact, that it does or does not keep a record of its proceedings, or that it is or is not required by law to do so.

All inferior courts, not being courts of record, cause their proceedings and judgments to be recorded, or should do so. The distinction between courts of record and courts not of record, is recognized in the statute. It is not a formal and technical one only, but most important rights and practical results arise out of it.

After final judgment in a court of record, proceeding according to the course of the common law, the only remedy for a correction of its errors is a writ of error. When it is not a court of record, or does not proceed according to the course of the common law, a writ of error will not lie. The remedy is by writ of *certiorari*. 29 Maine, 288; 15 Pick. 234. A writ of error is one of right, while a writ of *certiorari* is not. 8 Greenl. 292.

When the judgment of an inferior court is reversed upon error brought, the court of errors should render such judgment as the inferior court ought to have rendered. 1 Salk. 401; 2 Saund. 256; Com. Dig. Pl. 3, B. 20.

Upon a writ of *certiorari*, the Court can only quash the proceedings. It cannot render such judgment as the inferior court ought to have rendered. *Drown* v. *Stimpson*, 2 Mass. 445; *Commonwealth* v. *Bluehill Turnpike*, 5 Mass. 423; *Hopkinton* v. *Smith*, 15 N. H. 152.

If the Court of County Commissioners were to be considered a court of record, proceeding according to the course of the common law, a party aggrieved would of right

be entitled to a writ of error, for the correction of its proceedings; and it would become the duty of this court upon a reversal of any of its judgments, to render such judgment as it ought to have rendered. This would subject all its proceedings to a rigid scrutiny in form and substance, and bring many of its proceedings and judgments before this Court for revision and adjudication anew. If a writ of *certiorari* only can be maintained, on account of its not being a court of record, this Court having a judicial discretion may refuse it, and allow the proceedings, if informal or defective, to remain undisturbed, unless justice requires an interference; and in such case its jurisdiction will not be assumed, but it will be left to commence its proceedings *de novo,* when it judges it to be expedient to do so.

A court of record is one, which has jurisdiction to fine or imprison, or one having jurisdiction of civil cases above forty shillings, and proceeding according to the course of the common law. 1 Inst. 117, b, 260, a; *Groenvelt* v. *Barwell,* 1 Salk. 144; S. C. 1 Ld. Ray. 467; *Same* v. *College of Physicians,* 12 Mod. 388; 2 Saund. 101, a; Viner's Ab. title Court, I.

It is insisted that the Courts of Sessions were courts of record, and their former jurisdiction having been conferred upon the Courts of County Commissioners, that those courts thereby became courts of record.

Courts of General Sessions of the Peace were established in each county in the Province of Massachusetts Bay, by the Act of 11 Will. 3, c. 1. These were superseded in that State by an Act passed on July 3, 1782, establishing similar courts. These courts were attended by a grand jury, and they had jurisdiction to punish offences by fine or imprisonment, and were therefore courts of record. Although powers were conferred upon them respecting highways, and other business in their respective counties, requiring proceedings not according to the course of the common law, they were not thereby deprived of the character of courts of record.

By an Act passed on March 9, 1804, these courts were deprived of all their criminal jurisdiction, which was conferred upon the Courts of Common Pleas, and the Courts of Sessions had jurisdiction thereafter, respecting highways, and the business of their respective counties, and no other; and they ceased to be courts of record. Those courts were superseded in this State by the establishment of courts of sessions, having a similar jurisdiction, and without any civil or criminal jurisdiction at common law. Statutes of 1821, c. 73. These were not courts of record. They were abolished and new courts of sessions, having similar jurisdiction, were established, by an act approved on February 25, 1825. These were abolished and Courts of County Commissioners were established by an Act, approved on March 10, 1831, having similar jurisdiction. These, with certain modifications have been continued to the present time, without any jurisdiction in civil or criminal cases, in which proceedings according to the course of the common law were required, and without any jurisdiction to fine or imprison. The judgment on which this action is founded, not being the judgment of a court of record, the third plea is adjudged to be good.

*Judgment for the defendants.*

HOWARD, RICE, HATHAWAY and CUTTING, J. J., concurred.