STATE OF VERMONT *v*. FARDEE CLORAN.

*City Court of Burlington. Jury Trial. Appeal. Exceptions.*

The city court of Burlington has no power to grant a trial by jury in criminal cases.
Said court, being one of special and limited jurisdiction, can act in matters specifically
   provided for, only in conformity with the statute by which its jurisdiction and au-
   thority are conferred. Hence, it has no power to grant an appeal without such
   recognizance for appeal as the statute requires; and its refusal to do so is not error
If said court should err in denying an appeal, the error could not be corrected on ex-
   ceptions, as it would not *affect the validity of the judgment*. On exceptions, the su-
   preme court can only decide whether there is *such* error.

THIS was a complaint in the city court of Burlington, under
§ 13, ch. 94, of the Gen. Sts., for owning, keeping, and possessing
intoxicating liquor, with intent to sell and furnish the same, con-
trary to the provisions of said chapter.

The respondent pleaded not guilty, and demanded a trial by a
jury of twelve men, under the provisions of the constitution of the
state ; but the court, Tyler, J., denied such trial ; to which the
respondent excepted. The respondent then demanded a trial by
jury, under the provisions of § 36, ch. 94, of the Gen. Sts.; but the
court ruled that he was not entitled to a jury under that section ;
to which the respondent excepted. The respondent then demanded
a trial by a jury of six men, under §§ 43, 44, ch. 31, of the Gen.
Sts.; but the court denied such trial; to which the respondent ex-
cepted. The court then proceeded to try the respondent; and
upon the evidence adduced, found him guilty, and sentenced him
to pay a fine and costs. The respondent prayed for an appeal to
the county court, whereupon the court required him to enter into
a recognizance for appeal in the sum of $50, with surety, and to
pay the court fifty cents for the appeal. The respondent claimed
that he was unable,. by means of extreme poverty, to give such
recognizance with surety, or to pay said sum of fifty cents ; and
claimed, as matter of law, that he was entitled to an appeal with-
out giving the recognizance required by § 16, ch. 94, of the Gen.
Sts., or paying said fee to the court. But the court ruled that to

36

entitle the respondent to an appeal, he must pay the court fee of fifty cents, fixed by the city charter, and enter into the recognizance required ; and the respondent not complying with such ruling, the appeal was denied ; to which the respondent excepted. The respondent then offered his personal recognizance for an appeal, which the court refused, and the respondent excepted.

*B. P. R. Hewitt* and *R. H. Start*, for the respondent.

Sec. 33, part 2, of the state constitution, declares that excessive bail shall not be exacted for bailable offences. The word *bail*, when applied to criminal cases, has a settled and well-known signification, and as such it is to be presumed was used in the constitution. Bail, in criminal cases, is defined to be a delivery or bailment of a person to sureties, upon their giving, together with himself, sufficient security for his appearance, he being suffered to remain in this friendly custody instead of going to prison. 1 Bouv. Law Dict., Tit. Bail. This is the bail authorized to be required by the constitution—bail for the personal appearance of the accused only. The provision of the constitution above cited, must be taken as a limitation upon the power of the legislative department in the enacting of laws relating to bail in criminal cases. It has therefore no constitutional authority to require of a person charged with a bailable offence, the giving of any other or different bail. Sec. 16, ch. 94, of the Gen. Sts., requires the accused to furnish bail of a different and more onerous and burdensome character from that required by the constitution, and is in conflict with that instrument, and therefore null and void. *State* v. *Gurney*, 37 Me. 156.

The respondent is charged with a criminal offence, and is entitled to a trial by a common law jury, as guaranteed by article X. of our Bill of Rights. In order to obtain that right, he must appeal to the county court, where provision is made by law for such trial. Therefore, in order that he may enjoy and obtain such rights fully and unimpaired, the right of appeal must be secured, untrammeled and unfettered. *State* v. *Peterson*, 41 Vt. 504, 522. The accused can only be required, on taking his appeal, to furnish security for his personal appearance before the appellate

court, where such trial may be had, and there to prosecute his appeal to effect. Any other terms or conditions are excessive, oppressive, and unreasonable, and fetter and trammel the right of appeal, and thereby impair the right of trial by jury. In this respect; § 16, ch. 94, of the Gen. Sts., requiring the accused to enter into a recognizance with sureties, " to the state "—" to pay all *costs, fines,* and *forfeitures,* and undergo all penalties that may be awarded against him upon the final disposition of his case," in order to obtain an appeal, imposes terms and conditions upon that right not warranted by the constitution, and impairs the right of trial by jury guaranteed thereby, and is therefore null and void. *Green* v. *Briggs,* 1 Curtis, C. C. 325 ; *State* v. *Gurney, supra; State* v. *Peterson, supra* ; *Jones* v. *Robbins,* 8 Gray, 329.

On the same ground, the exaction of a fee of fifty cents by the city court, as a condition precedent to the right of appeal, was unauthorized and illegal, as the staute authorizing it is null and void.

*W. L. Burnap,* state's attorney, for the state.

Under the act of the legislature incorporating the city of Burlington and creating the city court, that court did not err in refusing to grant a trial by jury in any form. It is within the province of the legislature, to regulate the administration of justice, and make such provisions for the trial of causes as the public interest and welfare may seem to require ; and in so doing, the legislature does not exceed its powers in providing for the hearing and decision of causes of this nature in an inferior court, without the intervention of a jury, provided the right of trial, on appeal, by a constitutional jury in the appellate court, is not infringed. Sedgw. Cont. Law, 547 ; BENNETT, J., in *Lincoln* v. *Smith,* 27 Vt. 361 ; *State* v. *Peterson,* 41 Vt. 515 ; *Beers* v. *Beers,* 4 Conn. 539.

The ruling of the city court, that the respondent must enter into recognizance for the appeal according to the provisions of the statute, was correct. Gen. Sts., ch. 94, §16. The requirements of the statute conflict with no constitutional right. To pronounce a law unconstitutional, its invalidity and nullity must appear beyond a reeasonable doubt ; and no court can so de-

cide, upon the ground merely of some supposed injustice in its operation, provided it be on a subject-matter within the scope of legislative enactment. Cooley Const. Lim. §§ 164, 168, 182. It is within the province of the legislature, not only to create new offences, but to provide *new forums* for the trial of offences between the arrest of the individual and the ultimate decision, on appeal, by a constitutional jury. Such legislation is not prohibited by the constitution, and hence does not conflict with the constitutional guaranty. Potter's Dwarris, 456 ; *Beers* v. *Beers, supra* ; *Van Swartow* v. *Commonwealth,* 24 Penn. 131 ; Cooley Const. Lim. §168. The right of appeal is not unreasonably fettered by requiring such recognizances ; and even if the provision should occasionally be *claimed* to operate as a hardship, that would constitute no sufficient reason for declaring the law requiring the recognizance, unconstitutional. *State* v. *Peterson, supra ; Beers* v. *Beers, supra ; Sullivan* v. *Adams,* 3 Gray 476. Articles 10 and 12 of the Bill of Rights, are very nearly related to each other in their provisions, and are to be construed together *in pari materia.* The latter article in interpretation includes and embraces the former. *State* v. *Peterson, supra.* Sec. 66, ch. 31, Gen. Sts., requires that the appellant in civil cases, shall furnish surety by way of recognizance to pay all intervening damages and costs, &c. This requirement, dating back to the organization of the state government, has been held in *Plimpton* v. *Somerset,* 33 Vt. 293, to be no infringement of the constitutional guaranty. Sec. 16 of ch. 94, under which the case at bar arises, requires of the appellant, in effect, no more. Under both statutes the appellant is required as well to pay for the appeal as to furnish recognizance, and the results flowing from the recognizance is substantially the same in both cases. If, as decided, there is no infringement of the constitutional guaranty in one case, how can there be in the other ?

The opinion of the court was delivered by

BARRETT, J. I. By the statute creating the city court, that court can have a jury only in civil causes. It had no power, therefore, to accord a jury, as was demanded by the respondent. To refuse such jury was not error, but was acting conformably to the statute. Acts 1872, No. 255, § 11.

II.   That act gave jurisdiction and authority to that court to try, and render judgment in, the cause ; and the court proceeded accordingly, and rendered judgment against the respondent.   To this no exception was taken.   Consequently no question is before this court as to the validity of that judgment.

III.   An appeal from said judgment was asked, and the court proceeded upon the matter of that application, in pursuance of the statute.   Gen. Sts. ch. 94, § 16.   It is not claimed that the court did not act conformably to the provisions of the statute as to an appeal in such a case.   The complaint is that the statute is wrong in those provisions.   The court, being one of special and limited jurisdiction, could only act in matters specifically provided for, in conformity with the statute by which jurisdiction and authority were conferred.   It had no authority to act otherwise.   It could not dispense with the recognizance—with the sum to be fixed—with the sureties—or with the condition prescribed by the statute.   So there was no error in not allowing an appeal upon the demand and terms claimed by the respondent.   The court had no authority to grant an appeal on such terms.

But however this might have been—even if the court had been wrong in not allowing an appeal as claimed—such wrong cannot be rectified on exceptions.   The denying of the appeal does not touch or affect the validity of the judgment that had been rendered.   If such denial was wrong, the remedy would seem to be provided in ch. 38, § 7, Gen. Sts.   The remedy is not by way of getting the case sent back to the court from whose judgment the appeal was asked, but by way of getting the case into the appellate court, to be there proceeded with the same as if the appeal had been allowed.   Upon exceptions, this court can only decide whether there was error in law affecting the judgment, such as would call for a reversal, to the intent that the cause should be remanded for a re-trial.   This court, on these exceptions, could make no special order upon the city court to allow the appeal.   Such order could only be made by judicial writ of prerogative character.   This court, as the case is now before it, cannot take cognizance of it and proceed as an appellate court, nor can it send the case to the county court to proceed with it as an appel-

late court.   These obvious views demonstrate that *exception* is not a means of remedy that can procure the needed relief.

In view of a previous suggestion it may be proper to remark, that we do not undertake to decide that the county court, upon a proceeding under § 7, ch. 38, of the Gen. Sts., would be warranted in regarding the failure of the respondent to get an appeal, to have been caused by such accident or mistake as to entitle that court to entertain the application and grant the relief.   The mistake was not in the city court, because it acted in strict conformity with the statute.   The mistake on the part of the respondent was not, that he did not know what the statute was, nor that he misapprehended its provisions, or the action of the court under it. The mistake, if any there be, was in the legislature in making such terms and conditions for an appeal in such a case.   It seems a little perplexing to see how the county court could hold, that the respondent was entitled to an appeal on any other terms and conditions than those prescribed by the statute, inasmuch as this matter of appeal is not one of common-law, natural, or constitutional right.   The same perplexity would seem to exist as to the supreme court in the same respect, inasmuch as the statute alone provides for an appeal at all in such cases.   It would not seem to meet the point to say that the respondent was entitled to a jury trial, and he could have such trial only by having an appeal allowed him.   The fact that there may be a defect in the law in the matter of such jury trial, would hardly enable a court to supply such defect, where not only it had no lawful authority to do so, but such authority was expressly denied to it by the statute under which such court has its existence and all its functions.

It would seem to be worth inquiry, whether the most practicable course would not have been, to take exception to the judgment rendered in the cause, on the ground that it was by a court that could not give a jury trial, and whose judgment would be final unless appealed from, and that an appeal could be had only on terms that, to some extent, compelled the respondent to obtain his right to a constitutional jury trial, by giving recognizances in sums and with conditions that, in the case of a poor man, would virtually operate a denial of such trial by jury.

Beyond the points decided, what is above said is only by way of suggestion, for such consideration as may behove if future cases should give occasion. As the judgment was not excepted to, we have not had occasion to decide or discuss the constitutional questions that were pressed upon our consideration by the learned counsel in the argument. The extraordinary prerogative of American courts to pass upon the validity of the acts of the law-making power in the government, is never exercised except when necessary to the decision of the case in hand.

The exceptions are overruled.