## COUNTY OF RUTLAND,

#### AT THE

### JANUARY TERM, 1883.

PRESENT :

HON. TIMOTHY P. REDFIELD,
HON. H. HENRY POWERS,      } ASSISTANT JUDGES.
HON. RUSSELL S. TAFT,
HON. JOHN W. ROWELL,

---

### IN RE BRIDGET KENNEDY, IN RE JAMES KENNEDY, IN RE PATRICK READY.

*Criminal Trial. Appeal from Judgment of a Justice of Peace. Bail. Certiorari. Habeas Corpus. Jury. R. L. s. 1673.*

1. A respondent in a criminal trial is entitled to an appeal to the County Court from the judgment of a justice of the peace, if claimed within two hours, although he neglects to procure the bail demanded for his appearance.
2. In such a case the appeal should be granted, and the respondent held in custody for his appearance at court.
3. The writ of *certiorari* will be issued on petition, and lie to bring before the Supreme Court for review the record of a justice of the peace in a criminal case, when the justice has refused an appeal demanded within two hours, on the ground that the respondent neglected to procure bail, and the justice proceedings quashed.
4. A respondent imprisoned under the same circumstances was discharged on writ of *habeas corpus.*
5. The jury referred to in the Bill of Rights, — art. 10, — is the common law jury of twelve men.
6. R. L. s. 1673. Right of respondent to appeal, construed.

1

PETITION for writ of *certiorari*, also, for writ of *habeas corpus*. The case is stated in the opinion.

*State's Attorney*, for the State.

*Redington & Butler*, for the petitioners.

The writ of *certiorari* should issue.   2 Pick. 172 ; 2 U. S. Dig. 128 ; 54 Barb. 589 ; 22 Ill. 333 ; 12 Ill. 143 ; 14 Ill. 35, 144 ; 9 Mich. 324 ; 9 Iowa, 583 ; 26 Ill. 243 ; 19 Wis. 591 ; 17 N. Y. L. 25.

The opinion of the court was delivered by

POWERS, J.   Bridget Kennedy and James Kennedy are severally petitioners for writs of *certiorari* to quash the proceedings of a justice of the peace by whom they were sentenced to imprisonment on conviction of the offense of selling liquors contrary to law.   Patrick Ready is brought up on a writ of *habeas corpus* that the legality of his imprisonment for a like offense may be inquired into.

A preliminary objection is made in the Kennedy cases by the State that the writ of *certiorari* will not lie to bring up the record of a justice of the peace in a criminal case.   This objection, as it challenges the jurisdiction of this court in the premises, is to be first considered.   By sec. 782, R. L. the Supreme Court is given exclusive jurisdiction to issue and determine writs of error, *certiorari*, *mandamus*, prohibition and *quo warranto*, and other writs and processes to courts of inferior jurisdiction, to corporations and individuals, that may be necessary to the furtherance of justice and the regular execution of the laws.   Section 826, R. L. declares that " no judgment rendered by a justice, on the merits of a civil cause, within his jurisdiction, shall be reversed by writ of error, *certiorari*, or any other process."   This is the only provision in our statutes that restricts the jurisdiction of this court over the proceedings of inferior courts ; and it is to be noticed that this restriction is limited to the judgments of justices on the merits of *civil* causes.   When, therefore, by sec. 782, a general jurisdiction is given the court to issue this writ to courts of infe-

rior jurisdiction, and by sec. 826 the judgment of justices in civil cases on the merits are alone withdrawn from such general jurisdiction, a fair inference arises, that the legislature intended that all other judgments of justices of the peace should remain within the reach of this writ.

At common law the writ of *certiorari* issues for the correction of the errors of inferior tribunals of every description, whether courts or public boards, where their action directly affects the rights of others in cases where they exceed their jurisdiction or act illegally in respect to a substantial matter.  Wood on Mandamus, &c., 209.

The same author says that the writ properly issues to review the proceedings of surrogates, judges of probate or of orphan courts, of justices' courts, municipal boards, or any body that acts in a judicial capacity, to correct *judicial* acts; and that it lies to justices' courts he cites cases in Tennessee, Pennsylvania and New York.

The Supreme Court of Massachusetts in the case of *Haynes, Petitioner* v. *Jenks*, 2 Pick. 172, entertained the writ on a petition to that court to quash the proceedings of a justice of the peace for the recovery of a penalty under the militia laws.  It is true that the question of jurisdiction was not raised in this case; nevertheless, it is not presumable, if any doubt upon this question existed, that it would escape the attention of counsel, or that a court of such eminent ability and learning without objections raised, would assume to exercise such extraordinary power over the judgments of another tribunal, without a self assurance of their clear rights to do so.

Without multiplying authorities, we hold that the proceedings of justices of the peace in criminal causes may be reviewed upon this writ; and if errors of law of a substantive character apparent thereon are found to exist, the proceedings may be quashed.

Counsel for the petitioner have called our attention to several alleged errors in the records brought up—some of which are peculiar to one—others to another, of the cases, but they claim that one fatal error is common to the cases of Bridget Kennedy, James

Kennedy and Patrick Ready ; namely, that the justice before whom these parties were tried, denied them respectively a right to appeal from his judgment to the County Court unless they first entered into a recognizance in a sum fixed ; and it is argued on the one hand that respondents before justices have an unfettered right of appeal to the County Court, and on the other that the right of appeal is conditional upon entering into the recognizance mentioned in the statute.

This question is obviously one of great importance to the due administration of justice, and has received our careful attention and examination. Section 1673, R. L., reads as follows :

" No appeal shall be allowed in a criminal cause where the respondent is acquitted ; but the respondent may appeal from any judgment or sentence of a justice against him, if the appeal is claimed within two hours after the rendition of judgment."

The next section provides that in criminal cases the party appealing shall at the time of the appeal, give security by way of recognizance, conditioned " that the appellant will personally appear before the County Court, and there prosecute his appeal to effect and abide the order of court thereon " ; and further provides, that if the appellant fails to enter his appeal in that court the appellee may do so for affirmance. Is the right of appeal by these two sections absolute or conditional ? By the first section the right of appeal is conferred in unqualified terms : " The respondent *may* appeal from *any judgment or sentence* of a justice against him."

The following section has no words qualifying this language. It declares that the party appealing shall give security, &c. Security for what ? Security for his personal appearance in the appellate court. He is not ordered to secure the payment of such fine as the justice has imposed, or other satisfaction of the judgment he has rendered, but security that he will personally appear before the appellate court and abide the orders that the appellate court may make in the premises.

It is clear, we think, from the language of these two sections that the legislature intended in the first to accord the unconditional right of appeal, and in the second to provide for the per-

sonal appearance of the respondent in the appellate court. If the appellant fails to give the security required by the latter section, he is retained in custody to the end that his personal appearance in the appellate court may be secured ; and this is the only consequence that can be visited upon him for his failure to furnish the security required.

By the act of March 4, 1797, an appeal was allowed in criminal causes from the judgment of a justice with a proviso that the appellant should give security by way of recognizance, conditional,

" That he personally appear before said County Court and there prosecute his appeal, so taken, to effect, and abide the order or sentence of court thereon, and in the meantime be of good behavior, and the party so appealing shall remain in the custody of an officer, until he, she or they shall have given such security."

In this act the unfettered right to appeal is given ; the character of the security required is defined; and the consequence of the neglect to give the security expressed ; namely, *remaining in custody.*

The substance of this act was carried forward in several revisions of the statutes till that of 1839, when the clause providing that the appellant should remain in custody until the recognizance be entered into, was dropped. But it is obvious that the latter clause has no relation to that securing the right to appeal, nor to that defining the character of the recognizance. It merely provided for the custody of the appellant *until* he gave the required security. Its omission, therefore, in the later revisions of the statute does not qualify or limit the *right* to appeal, accorded in the earlier paragraph of the section. Its absence in our present statute merely leaves the consequences of a failure to enter into a recognizance unexpressed ; and the legislature might well do this. Upon the issue of his warrant by the justice the respondent is taken into legal custody, and this custody legally continues till the proceeding under which the warrant issues is terminated by final judgment, unless the respondent in the way pointed out by the statute shall free himself from such custody by furnishing security that he will return into custody at the proper time. The right of respondents to give bail in all prosecutions

except for capital offenses is given by the constitution; and the second section of the statute under consideration determines the method by which respondents may make this right practically available. The prosecution has no interest at stake in taking the recognizance except to see that it be ample in amount and sufficiency. In the justice court the respondent is in custody to the end that the State may have him at hand to receive, do and suffer the sentence that may be imposed upon him. The appeal is taken for the purpose of obtaining a new trial upon the question of the respondent's guilt; and if the respondent is present in the appellate court to do and suffer the sentence which that court may impose upon him, every right of the State is preserved.

If the respondent declines to furnish bail for his appearance in the appellate court, he remains in custody precisely as he stood in the justice court. If he elects to give bail for his appearance, he furnishes a substitute for that custody which the fundamental law declares sufficient. The giving of bail, therefore, is altogether the voluntary act of the respondent in the exercise of a constitutional right.

Hence, it is apparent that the section providing for a recognizance has no relation to the preceding one providing for an appeal, and cannot be read as in any sense qualifying or limiting it. The one provides for a new trial of the complaint upon its merits; the other, a mode for the appearance of the respondent to answer the consequences of that new trial. When, therefore, we look at the course of legislation upon this subject, it is made apparent that the legislature has never undertaken to make the right to appeal dependent upon any condition whatever, except that it be demanded within two hours. Again, Article ten of our Bill of Rights declares that " in all prosecutions for criminal offenses a person hath a right . . . . to a speedy public trial by an impartial jury of the country "; " nor can any person be justly deprived of his liberty, except by the laws of the land, or the judgment of his peers." The jury here referred to is the common law jury of twelve men. It has many times been held by the court that if an appeal be accorded to respondents who are

in the first instance brought to trial before justices of the peace with a jury of six men, this article of the Bill of Rights is not infringed; and it is equally clear that if no appeal is allowed, the respondent is deprived of the mode of trial given him by the organic law. It is not supposed, nor supposable, that the legislature intended to violate this provision of our constitution,—a provision that is found in the constitution of every State,—declaring a right that for centuries has been recognized and adhered to by our English ancestry with the most passionate devotion, by the enactment of the statutes under consideration. If these provisions are to be held to have such effect, they are clearly unconstitutional and void. But we are clearly of opinion that the statutes mean no such thing, and that the legislature when it declared in plain language that the respondent in criminal causes may appeal, meant precisely what it has said. This view of the statute is in accord with the obvious import of its language, the apparent justice of the case, and the obvious power of the legislature. The case of *State* v. *Cloran*, 47 Vt. 281, is not in conflict with the decision in this case. That case decides that the error there complained of could not be corrected on exceptions as those taken.

The careful and guarded language used by the learned judge who drew the opinion, leaves the impression that if the question had arisen under the statute involved in this case and in the manner of this case, the decision would have been different.

In the cases of Bridget Kennedy, James Kennedy and Patrick Ready, it appears by the records of the justice before us, that these respondents seasonably demanded an appeal to the County Court from the judgment rendered against them by the justice, and that the justice refused such appeal unless they furnished bail; failing to do this, the justice issued final process to carry his judgment into execution. Herein was error. The justice should have passed the cases to the County Court; and if the respondents did not find security for their appearance in that court, should have held them in custody until such security was furnished.

The petitioners being imprisoned under the judgment and sentence of the justice, are entitled to their discharge; — and it is so

ordered. Some other questions touching the proceedings of the justice in these cases were discussed in argument, but we find it unnecessary to express any views upon them.

In the Kennedy cases it is ordered that a writ of *certiorari* be issued as prayed for, and the proceedings of the justice recited in the petition being certified to this court, the same are ordered to be quashed, and the petitioners discharged from custody thereunder.

In the case of Ready, it is adjudged that his imprisonment, under the sentence of the justice recited in the petition for writ of *habeas corpus*, is unlawful, and it is ordered that he be forthwith discharged therefrom.