FRANKLIN TREAT *vs.* JOHN MAXWELL.

Waldo.    Opinion July 19, 1889.

*Record.   Judgment.   Jurisdiction.   Debt on judgment.   Presumptions.*
*R. S., c. 79, § 11.*

In debt upon judgment of this court tried upon the issue of *nul tiel record*, the
record must stand or fall of itself.   Papers and documents filed, and not
incorporated into the record, constitute no part of it.

If the record shows such judgment to have been rendered as described in the
declaration, the issue is sustained by the plaintiff, and he may recover, not-
withstanding the record fails to show jurisdictional facts, and is otherwise
so defective as to be cause for writ of error; for this is a court of general
jurisdiction according to the course of the common law, and is presumed
to have had jurisdiction to award the judgment rendered by it.

*Sidensparker* v. *Sidensparker*, 52 Maine, 481, distinguished.

ON EXCEPTIONS.

This was an action of debt upon a judgment, recovered in this
court, in Knox county.   Plea, *nul tiel record*.

The plaintiff offered in evidence a duly authenticated transcript
from the records of this court, for Knox county, made, as he
claimed, in accordance with R. S., c. 79, § 11, and to which the
defendant seasonably objected, because it was not a sufficient
record of the judgment declared on.    The transcript is as follows:

STATE OF MAINE.

*Knox, ss.*

At the supreme judicial court, begun and holden at Rockland,
within and for the county of Knox, on the second Tuesday of
March, being the ninth day of said month, A. D. 1875.

By the Hon. Wm. Wirt Virgin, justice of said court.

*Treat vs. Maxwell & Trustee,*
   No. 450.

Franklin Treat, of Frankfort, in our county of Waldo, plaintiff against John Maxwell, of said Frankfort, principal defendant, and the Hurricane Granite Company, a corporation duly established by law and having an office, at Rockland, in our county of Knox, summoned as trustee of said principal defendant.

The writ in this action is dated October 29, A. D. 1874, and was served on said principal defendant and on said trustee November 17, A. D. 1874.

The action was entered at the December term, A. D. 1874.

And now at this term, it is considered by the court, that the said plaintiff recover against the said principal defendant the sum of sixty-five dollars and seventy-seven cents, debt or damage, and costs of suit, taxed at fifteen dollars and sixty cents and that execution issue therefor against the said principal defendant, his goods and estate in his own hands, and likewise against his goods, effects and credits in the hands and possession of the said trustee.

Judgment rendered March 26, A. D. 1875.

Execution issued August 18, A. D. 1875.

This record is made by special direction of the court, entered upon the docket of the March Term, A. D. 1879.

   Attest,      L. F. STARRETT, *Clerk of Courts.*

   DOCKET ENTRIES.  MARCH TERM, A. D. 1875.

Treat. 450. *Franklin Treat* v. *John Maxwell and*
        *Hurricane Granite Co., Trustee.*

Recorded.  Entered by leave of court Dec. T. '74.

. Vol. 9.  [15.] Prin. & Tr. default.

Page 420.   Judgt. for Plff. for $65.77 debt &
         15.60 costs.

     Ex'on issued  $81.37
      Aug. 18, 1875.

The presiding justice admitted the transcript against defendant's objections.

The defendant put in evidence a copy of the writ and declaration, referred to in the transcript, which showed that the action

was assumpsit upon an account annexed to the writ, and that the account was as follows:

1874.

Oct. 16.   John Maxwell to Frank Treat,                    Dr.

            To bal. due on ac.                            $64.23

Upon the foregoing evidence the presiding justice gave judgment for the plaintiff, and the defendant excepted.

*W. H. Fogler*, for defendant.

Defendant denies that there is any record of the judgment declared on. The transcript contains no more than the statute required. The statute declares that "it is sufficient to record" the particulars therein named. "Sufficient" for what purpose? That it was not intended to be sufficient for all purposes, is evident from the fact that the statute provides that, "the court may, if special cause is shown, order a full record in any case."

The record does not disclose the nature of the action; the subject matter of the litigation; the manner of service of the writ; whether the defendant appeared; whether judgment was by default, or on verdict; whether any plea was filed; and does not disclose sufficient to establish the fact that any valid judgment was recovered.

*J. Williamson*, for plaintiff.

Counsel cited: R. S., c. 79, § 11; *Lewiston Steam Mill Co.* v. *Merrill*, 78 Maine, 107; *Paul* v. *Hussey*, 35 Id. 97.

HASKELL, J. The record of the judgment in suit must stand or fall of itself. Papers and documents filed in the case, but not incorporated into the record, constitute no part of it. *Valentine* v. *Norton*, 30 Maine, 200; *Lawrence* v. *Mt. Vernon*, 35 Maine, 100; Freem. Judg. § 126.

The action is debt upon a supposed judgment of this court, rendered in another county. The plea is *nul tiel record*, upon which issue is taken to the court, to decide, from inspection, whether a record of such judgment exists. "Strictly speaking," the record itself "is the best and only original evidence of the facts recited in it;" but properly authenticated copies are now

held competent evidence of such records in all cases. *Sawyer* v. *Garcelon*, 63 Maine, 26.

The transcript produced shows that the court had jurisdiction of the parties and awarded damages and costs in favor of the plaintiff. It fails to disclose the nature of the litigation, or in what plea the action was brought, or whether it was decided upon default or after issue joined. These defects might be fatal upon a writ of error, but cannot avail upon the issue here presented. The court in which the judgment was rendered has general jurisdiction according to the course of the common law, and is presumed to have had jurisdiction to award the judgment shown to have been rendered in the plaintiff's favor by its own record. It is said to be a matter of no consequence whether the jurisdiction of a domestic court of general jurisdiction appears affirmatively upon the judgment roll or not; for if it does not, it will be conclusively presumed in all cases between the parties to it so long as it remains neither annulled nor reversed. Freem. Judg. § 132. *Pratt* v. *Dow*, 56 Maine, 81; *Granger* v. *Clark*, 22 Maine, 128.

In *Penobscot R. R. Co.* v. *Weeks*, 52 Maine, 456, 458, the court says: "If, upon inspection of the record, a judgment appears to have been rendered without such notice, [service on the defendant,] it is absolutely void,—a mere nullity." That case does not appear to have been presented upon the plea of *nul tiel record*, but appears to have been reported upon the production of the original papers without any extended record; and the writ shows that no legal service had been made.

How far jurisdiction is presumed from the record of a domestic court of general jurisdiction, silent as to jurisdictional facts, in subsequent litigation between the parties to it, is not considered in *Sidensparker* v. *Sidensparker*, 52 Maine, 481.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.