## PETER AREL *v.* FRANK CENTEBAR.

### October Term, 1900.

Present: TAFT, C. J., TYLER, MUNSON, WATSON and STAFFORD, JJ.

### Opinion filed May 10, 1901.

*Evidence—Damages*—In an action for a series of trespasses upon the freehold, evidence that after action commenced a bill in Chancery had been brought by the plaintiff against the defendant, and an injunction obtained, was inadmissible on the question of damages.

*Motion to dismiss for want of jurisdiction*—After verdict and before judgment in an action at law the defendant moved the court to dismiss the action, or to set aside the verdict, for that the Court of Chancery had exclusive jurisdiction. As the facts relied upon to show want of jurisdiction did not appear upon the record, the jurisdictional question was not treated as raised by the motion.

*Charge—Denial of request applicable to no claim made and no evidence introduced on trial*—Upon the question of punitive damages in an action of trespass the court charged with reference to the evidence in the case and the theory upon which it had been tried. A request for a charge applicable to some other theory and to no evidence was properly denied.

TRESPASS. Plea, the general issue. Trial by jury, Franklin County, March Term, 1900, *Thompson,* J., presid-

ing.   Verdict and judgment for the plaintiff.   The defendant excepted.

*Elmer Johnson* for the plaintiff.

*Brigham & Start* and *Kelton & Maurice* for the defendant.

STAFFORD, J.   The action was trespass for hauling logs across the plaintiff's land at several times.   The case was tried under a plea of not guilty.   It seems that after the action was commenced the plaintiff brought a bill in Chancery and obtained an injunction against the defendant.   Upon trial the defendant offered in evidence, "upon the question of damages," this bill and injunction.   They were excluded and, we think, rightly.   *Hoadley* v. *Watson,* 45 Vt. 289, cited to show that the evidence should have been admitted, seems rather to support the contrary view.

After verdict and before judgment the defendant moved that the action be dismissed, or the verdict set aside, for that the Court of Chancery had exclusive jurisdiction.   It is enough to say that there was nothing upon the record to show want of jurisdiction, and, the question being raised by motion, nothing outside the record could be considered.

The remaining questions arise upon requests to charge which, the defendant urges, were not complied with.   They relate to exemplary damages.   The defendant claimed that he used the way for many years and supposed he had the right because no one said anything against it.   But on a certain day the plaintiff met him so using it and told him he must not use it any more.   Yet he kept on.   The court told the jury that for trespasses committed before this notice the defendant could not be visited with punitive damages if he used the way understanding that the plaintiff had no objection, and told them generally that punitive damages could be awarded for such time

only as he was trespassing maliciously and with a wilful purpose to invade the plaintiff's rights.    The defendant then asked the court to charge that even for the trespasses committed by him after the notice, he could not be visited with punitive damages if he still believed he had a right to use the way.    This the court declined to do, on the ground that the case had not been tried upon any such theory, and that there was no evidence tending to show that the defendant understood he had a right after the notice until a later day when a wood road was laid, or attempted to be laid, by one of the selectmen.    The defendant's evidence is referred to, and instead of contradicting, sustains the view taken by the court.

*Judgment affirmed.*