## VINCENT COLAGIOVANNI vs. DISTRICT COURT OF SIXTH JUDICIAL DISTRICT.

### APRIL 23, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   District Courts.   General Jurisdiction.   Record.*

A district court in this State is not only a court of general jurisdiction but a court of record. The clerk of a district court is duly authorized to record its proceedings, and record entries although not signed by the justice will be presumed to have been entered by the person having authority.

*(2)   Notice.   Increase of Ad Damnum.*

A defendant is entitled to notice of motion to increase *ad damnum* of writ.

*(3)   Certiorari.*

On *certiorari* the error must appear upon inspection of the record itself, and where a record showed that "upon *hearing* of plaintiff's motion", the same was granted, it is not inconsistent with regular procedure as to notice having been taken.

*(4)   Courts.   Jurisdiction.*

In a court of general jurisdiction it is not necessary that the record of the proceedings should affirmatively show the existence of jurisdiction, but the record carries with it the presumption that all incidental steps necessary to bestow jurisdiction, including notice of motions have been taken.

CERTIORARI.    Heard and writ quashed.

BARROWS, J.    This is a petition for a writ of *certiorari* directed to the District Court of the Sixth Judicial District requiring certification of its record in the case of Anthony Cianci *v.* Vincent Colagiovanni. Petitioner seeks to quash said record. The writ was issued as prayed for and the record is now before this court.

It shows a writ issued on September 24, 1925, in an action of assumpsit for an alleged indebtedness of $350. The *ad damnum* of the writ was placed at $100. The writ was returnable October 7, 1925, and the case being unanswered during the session on that day was continued to October 14. Defendant by attorney answered the case after the call on October 7 and on October 14 the case was continued to October 21. An entry on the jacket reads as follows:

"October 14, 1925. Upon hearing of plaintiff's motion plaintiff is permitted to increase the ad damnum of his writ to $500." The next entry reads: "November 12, 1925. Decision for the plaintiff for $350 and costs. Frederick Rueckert, Justice." And the entry following that reads: "November 19, as of November 12, 1925, judgment entered as above. Execution 24th day of November, 1925."

Petitioner contends that jacket entries not signed by a justice should be disregarded; that there is no presumption that the entries recorded on the jacket were legally or properly made by any one having authority; that the district court being a court of inferior jurisdiction, there is no presumption in favor of anything not affirmatively shown by the record; that, no service on the motion to increase the *ad damnum* showing in the record, no presumption can be indulged that service was made on defendant; that without notice or presence of defendant or his attorney on October 14 the court's action allowing the increase of the *ad damnum* was beyond its power and therefore void.

Petitioner's argument rests on the proposition that the district court is an inferior, *i. e.*, a court of limited jurisdiction, and that as such unless the record affirmatively shows that the court had jurisdiction to make the entries and decisions no presumption exists in their favor. His statement of the law in regard to the effect given to record entries in courts of limited and general jurisdiction is sound but we think he errs as to the nature of the jurisdiction of the district court. He has erroneously made "inferior" synonymous with "limited" or "special" jurisdiction.

All courts below that of last resort are inferior (*Harvey v. Tyler*, 2 Wall. 328, at 341) but not necessarily are they of limited or special jurisdiction. 15 C. J. page 718, § 2 B. Our present Superior Court, like its predecessor the Court of Common Pleas, is a court of general jurisdiction. *Slocum v. Providence Steam & Gas Pipe Co.*, 10 R. I. 112. The Superior Court, however, takes original jurisdiction in civil cases only when the damages claimed exceed $500. Below

that figure the district court has jurisdiction which is no less a general jurisdiction than that of the Superior Court. A court may be one of general jurisdiction although the amount of such jurisdiction is limited. *McDeavitt* v. *Connell*, 71 N. J. Eq. 119.

The district court is not only a court of general jurisdiction but a court of record as well. It has a seal, a power to fine and imprison within defined limits, proceeds according to common law, keeps a record of its proceedings and its judgments, both civil and criminal. *Hubbel* v. *Baldwin*, Wright O. 86; *Woodman* v. *Somerset*, 37 Me. 29; *Exparte Gladhill*, 8 Met. 168. "A court of record necessarily requires some duly authorized person to record the proceedings." *Ex parte Cregg*, 6 Fed. No. 3380. And such person in our district court is the clerk. G. L. 1923, C. 330, s. 23 (4753). There is no merit to petitioner's contention that record entries not signed by the judge should be disregarded.

The District Court being one of record with general jurisdiction the question remains as to what may be legally presumed from the record entries. First, it may be presumed that they were entered by the person having authority. *State* v. *Passaic Agricultural Society*, 54 N. J. L. 260. It has never been the custom in either the district or Superior Courts for the clerk making the record entries to attest same with his own signature and no case has been called to our attention wherein unauthorized entries have been made on the court record. The danger thereof is so slight and the court having power to correct an erroneous record, we think the presumption should be indulged that the entry was made by the person duly authorized so to do. "Every presumption not inconsistent with the record is to be indulged in, in favor of its (the court's) jurisdiction." *Applegate* v. *Lexington*, 117 U. S. at 269, sqq.

If the entries be held to have been properly made petitioner yet claims that the record itself fails to show that he had notice on the hearing of the motion to increase the *ad damnum*. His contention is sound that he was entitled

either to notice to be present or represented at the time the court heard plaintiff's motion to increase the *ad damnum.* On *certiorari* the error must appear upon inspection of the record itself. Here the record is not inconsistent with regular procedure having been taken. The word "hearing" may have been used because both sides were represented or it may have been used to indicate an *ex parte* proceeding. 29 C. J. 285. In a court of general jurisdiction it is not necessary that the record of the proceedings should affirmatively show the existence of jurisdiction. *Harvey* v. *Tyler,* 2 Wall. 328, *supra; Doll* v. *Feller,* 16 Cal. 432; *Anderson* v. *Gray,* 134 Ill. 550; *Osgood* v. *Blackmore,* 59 Ill. 261; *State* v. *Passaic Agricultural Society, supra;* 15 C. J. 840, § 158. The record carries with it the presumption that all incidental steps necessary to bestow jurisdiction, including notice of motions, have been taken. *Peavy* v. *Dure,* 131 Ga. 104; *Applegate* v. *Lexington,* 117 U. S. 255, *supra; Voorhees* v. *Jackson,* 10 Peters (U. S.) 449; *McHatton* v. *Rhodes,* 143 Cal. 275; *National Bank of America* v. *Homes Society Co.,* 65 Kas. 642; *Arnold* v. *Nye,* 23 Mich. 286; *Stearns* v. *Wright,* 13 So. Dak. 544; *Sommermeyer* v. *Schwartz,* 89 Wis. 66; 15 C. J. page 827, § 146 and page 829, notes 22 and 24.

The record therefore not being inconsistent with the taking of all requisite preliminary steps and the presumption from the exercise of jurisdiction being that they were taken, the petition is denied.

The writ of *certiorari* is quashed. The record and papers in the case of Anthony Cianci *v.* Vincent Colagiovanni certified to us for inspection by the District Court of the Sixth Judicial District are sent back to said court and the stay of execution heretofore entered is vacated.

*Knauer & Fowler,* for petitioner.

*Robinson & Robinson,* for respondent.