# Levi E. Senesac, d/b/a Senesac Ford Sales v. Ronan C. Duclos

[270 A.2d 156]

No. 173-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 6, 1970

*McNamara, Fitzpatrick & Sylvester,* Burlington, for Plaintiff.

*Langrock & Sperry,* Middlebury, for Defendant.

**Barney, J.** To recover a balance due on the purchase price of a truck, the plaintiff brought suit. The amount due at the time of trial came to $514.06, on a transaction originally amounting to $2,750.00. The action was commenced by a writ in the common counts, and was answered by a general denial. On the day of trial the defendant filed a motion to dismiss, on the grounds of failure to comply with the requirements of

the statute of registration for partnerships, associations and persons doing business in this state under any name other than their own. 11 V.S.A. § 1621.

The motion was heard below and denied. The matter then proceeded to trial on the merits, and the court, by findings, determined a right of recovery in the plaintiff and fixed the amount due. The only issue brought here is that relating to the motion to dismiss for failure to register.

In support of his motion, the defendant produced evidence that a search of the files in the City of Vergennes, where such registrations were usually kept, did not disclose any copy of the registration certificate. The statute requires a filing both with the state office (now the secretary of state), and with the clerk's office of the place where the business is being conducted. It was established, however, that the correct registration form had been filed in Montpelier, and that it provided a duplicate for filing locally.

The defendant's position is that, by proof of the lack of a copy of the registration in the office of the clerk in Vergennes, he had both overcome any presumption in favor of due filing in favor of the plaintiff, and deprived the court of jurisdiction to dispose of the action. On that basis he seeks reversal here.

■ The burden of proof on the issue of proper registration was on the defendant. *Enosburg Grain Co.* v. *Wilder and Clark*, 112 Vt. 11, 15, 20 A.2d 473. Implicit in the trial court's denial of the motion to dismiss on that ground is the determination that the defendant failed to carry his burden.

■ We find the ruling below supportable. The evidence introduced demonstrating registration in the appropriate state office was positive and unequivocal with respect to the issue of registration. It was evidence of an effectuation of the statutory purpose of notice. It reenforced the presumption of jurisdiction referred to in *Enosburg Grain Co.* v. *Wilder and Clark, supra*, 112 Vt. 11, 14. As the only contrary matter, the defendant put in testimony of the city clerk, who had come to the position several years after the date of the filing in Montpelier. It was his evidence that all these certificates were recorded merely by being placed in a file, and that a search of the file had not revealed a copy of the plaintiff's registration certificate.

This evidence was entirely equivocal, since it was at least as consistent with a misfiling in the clerk's office or a record-keeping lapse, as it was with a failure to file by the plaintiff. Certainly the law cannot put upon registrants the burden of insuring that clerk's records are properly kept and permanently available. Whether such evidence would be sufficient to extinguish the naked presumption in favor of the performance of a legal duty, we need not decide. In this case the confrontation was with an established fact that registration at the state level had been performed. The trial court may have given the defendant's evidence more weight than it warranted by treating it as sufficient to raise a controverted issue of fact.

In any event, accepting the premise that there was such a controverted factual issue on registration, the judgment of the lower court, as trier of fact, became binding. In view of all the evidence, and the presence of sufficient evidentiary support, the court's judgment that the defendant did not prevail on the issue will stand. *Potwin* v. *Tucker*, 126 Vt. 414, 418, 234 A.2d 430.

■■ Although no issue is made of it by the plaintiff, the motion of the defendant also runs afoul of the statutory requirements of pleading. The question it raises is an affirmative defense and should have been pleaded. 12 V.S.A. § 1024. More important, the motion is addressed to a jurisdictional failure amounting to a dilatory defense. As such, it comes within 12 V.S.A. § 1034, which requires it to be raised at the time the first motion or responsive pleading is filed, if then available. Otherwise, it is waived. *O'Brien* v. *Comstock Foods, Inc.*, 123 Vt. 461, 467, 194 A.2d 568. This motion was filed a year after the defendant filed an answer pleading only a general denial. It could properly have been turned aside as too late.

*Judgment affirmed.*