### Bernard J. Woodmansee v. Robert G. Smith, Warden, Vermont State Prison

[276 A.2d 617]

No. 42-70

Present: Holden, C.J., Barney, Smith and Keyser, JJ., and Hill, Supr. J.

Opinion Filed April 6, 1971

*Joseph E. Frank,* Burlington, for Plaintiff.

*James M. Jeffords,* Attorney General, and *William T. Keefe,* Assistant Attorney General, for the State.

· **Smith, J.** The Petitioner, Bernard J. Woodmansee, filed a petition for Writ of *Habeas Corpus* in the Windsor County Court, dated March 19, 1970. On March 25, 1970, the petition was denied. An appeal has been taken to this Court. The question presented is whether the General Assembly of the State of Vermont had the authority under the Vermont Constitution to create a District Court system.

■ The Petitioner was convicted of forgery by the Vermont District Court, Unit No. 2, Addison County. As a result of such conviction, the Petitioner is presently detained by Robert G. Smith, Warden of the Vermont State Prison, pursuant to a *mittimus* issued on May 5, 1969, by the trial court. There is no doubt that *Habeas Corpus* is available to review the jurisdiction of the District Court. *In Re Murphy,* 125 Vt. 272, 274, 214 A.2d 317 (1965).

■ The District Court system was created by the General Assembly of the State of Vermont by the Acts of 1967, and became effective March 1, 1968. The powers of the District Court are set forth in 4 V.S.A. § 436:

> "One district court having statewide jurisdiction is created. For administrative purposes, the supreme court from time to time may organize the district court in territorial units, designating the towns within the units and may organize the territorial units into two or more circuits. It shall designate the location of the principal office in each unit. The district court may hold its sessions in any town designated by the supreme court where adequate facilities exist for disposing of court business. It shall hold sessions in each county as often as the court administrator finds the caseload of the county requires.

Under the provisions of 4 V.S.A. § 442, the district court has all the powers of a county court in civil action and criminal prosecutions, except as otherwise limited by statute.

It is the contention of the Petitioner that because the Vermont Constitution refers only to the judges of the Supreme Court, County Court, Chancery Court, Probate Court and Justice Court, it discloses the intention of the framers of the Vermont Constitution that only courts presided over by the named judges could be legislatively established.

The Petitioner also argues that if the Legislature has the power to create new courts, it could, in effect, disenfranchise the electorate and the Legislature from their constitutional rights to elect the various officials and justices provided for in the Constitution. By granting the powers of such constitutional officers to officers created by the Legislature, says the Petitioner, such constitutional officers could become abolished and their constitutional powers destroyed. The Petitioner cites us no authority to support this novel argument.

The Vermont Constitution provides that Justices of the Supreme Court and the judges of the several County Courts shall be elected by the General Assembly. Vermont Constitution Ch. 11, § 42. In the case of the Justices of the Supreme Court, such elections are held biennially. Vermont Constitution Ch. 11, § 44. The Assistant Judges of the County Courts, Judges of Probate and justices of the peace are elected by the freemen of their respective towns or counties. Vermont Constitution, Ch. 11, §§ 45, 46, 47. The Legislature, after a historical background of having constituted themselves a court of chancery, has been granted the power to erect a court of chancery, provided they did not constitute themselves the judges of said court. Vermont Constitution, Ch. 11, § 29. But nowhere in the Constitution is a limitation found on the power of the General Assembly to create courts other than those presided over by the constitutional officers, nor to create, and appoint or elect, judges to preside over such legislatively created tribunals. The plan or frame of the government of Vermont sets forth in Ch. 11, § 4:

"Courts of Justice shall be maintained in every county in this State, and also in new counties when formed."

In the case of *Enosburg Grain Company* v. *Wilder and Clark*, 112 Vt. 11, 20 A.2d 473 (1941), this Court was called upon to pass upon the authority of certain rulings of the Franklin Municipal Court. The former municipal courts, established by the General Assembly in Chapter 57 of the Public Laws (1933), might be termed predecessor tribunals to the present District Courts. They were eliminated by No. 194 of the Public Acts of 1967, at the time that the District Court was created.

In holding that the municipal courts were courts of general jurisdiction, this Court stated in the words of then Chief Justice Moulton:

> "Every presumption that is not inconsistent with the record is to be indulged in favor of the jurisdiction of a court of general jurisdiction." *Enosburg Grain Co.* v. *Wilder and Clark, supra,* 112 Vt. at 14.

The District Court, although restricted in certain respects in both civil and criminal matters, is classified as having state-wide jurisdiction. We must apply the same presumption in favor of their general jurisdiction as was done in the holding above on the jurisdiction of the municipal courts.

As stated in 20 Am.Jur.2d *Courts* § 18, at 401:

> "The general rule seems to be that subject to any constitutional limitation, the legislature of a state has the power to create courts not provided for in the constitution."

This viewpoint of the law relative to the legislative power to create new courts under the Vermont Constitution, has been adopted and affirmed by this Court in *Sabre et al.* v. *Rutland R.R. Co. et al.,* 86 Vt. 347, 362, 85 A. 693 (1913). The question before the Court in the *Sabre* case involved the jurisdiction of the Public Service Commission, claimed to be a quasi judicial authority established by the Legislature, without constitutional authority. Justice Haselton, speaking for a majority of the Court, stated:

> "We do not take the view urged by the appellant that the Constitution prohibits the Legislature from creating courts not named in the Constitution. . . ."

A further statement of the general rule is found in 21 C.J.S. *Courts,* § 128, at 191, 192:

> "Under the various state constitutions the legislature is generally empowered to create certain courts in addition, and usually subordinate to those established by the constitutions, even though the additional courts are not specified in the constitution, and, as a necessary incident of such power, to confer and define their jurisdiction . . . ."

The Vermont Constitution in no way defines the jurisdiction of any of the courts that have functioned in this State since 1777. It was not until the June session in 1782 that the jurisdiction of the county courts was defined and limited. 13 J. Williams, *State Papers of Vermont,* 102–105. As was said by Mr. Justice Brennan in *Byrd* v. *Blue Ridge Elec. Corp.,* 356 U.S. 525, 2 L.Ed.2d 953 at 961 (1958),

> "A State may, of course, distribute its judicial machinery as it sees fit. . . ."

Under the instruction of the Vermont Constitution that Courts of Justice shall be maintained in every county in this State, we hold that the District Court was established in conformity with the Vermont Constitution by the General Assembly of Vermont. The Vermont Constitution does not prohibit the Legislature from creating courts other than those named in that instrument.

*Judgment affirmed.*