### ORAMEL SAWYER v. FRANKLIN JOINER.

In trials for inferior misdemeanors a verdict may be given in the absence of the respondent; the jury are not required to look upon the prisoner, as in cases of felony.

After the verdict is rendered, in such trial before a justice, if the respondent do not appear, the justice may call the respondent and his bail, or he may issue a warrant to apprehend the respondent and bring him before him to receive sentence.

This was a motion for a writ of *certiorari*, to revise the proceedings of a justice of the peace on a complaint preferred before him by the defendant, Joiner, as grand juror, against the petitioner for an alleged assault and battery committed by the petitioner.

From the record of the justice it appeared that the petitioner was apprehended on a warrant issued by the justice on the said complaint, that the petitioner pleaded not guilty, and that at two different trials the jury summoned were not able to agree; that the case was finally continued to June 17, 1842, and bail taken for the appearance of the petitioner on that day; that on that day a trial was had by another jury, who returned a verdict of guilty; that, the petitioner having departed and absconded from said court, the justice issued a warrant to bring the petitioner before him; that the warrant was served, the petitioner brought before the justice, and the justice sentenced him to pay a fine of five dollars and costs of prosecution, and stand committed until the same were paid.

The affidavits, filed in support of the motion, set forth, in substance, that the verdict was not returned until two o'clock on the morning of the 18th of June, 1842; that the petitioner was not present when the verdict was returned; that the petitioner soon after came in, and the justice directed the officer to get the jury together again,—which he was unable to do; that, the petitioner having again departed, the justice directed the officer to call the petitioner and his bail, which was done; that all then departed from the place of holding the court, nothing being said by the justice, or any other person, about adjourning the court to any other time or place,—but the justice testified that he then gave the attorney directions to draw a warrant for apprehending the petitioner; that that warrant was made and signed about eight o'clock in the evening of the 18th of June, and was served the same evening; that, in pursuance of its precept, the officer serving it brought the petitioner before the justice at the place where the court was holden, and the justice then sentenced him, as detailed in the record.

*Tracy & Converse* in support of the motion.

The leaving the place of trial by the court, parties, officer and jury,—no continuance having been entered, or the case otherwise disposed of,—operated a discontinuance of the whole matter, and the fine was, therefore, illegally and improperly imposed. *Brown* v. *Stacy*, 9 Vt. 118. *Phelps* v. *Birge*, 11 Vt. 161. *Crawford* v. *Cheney*, 12 Vt. 567.

*Chandler* and *Hunton* for defendant.

The circumstances of the case do not show that substantial injustice has been done, and therefore the writ of *certiorari* should be denied, 4 Mass. 417. *Gleason* v. *Sloper*, 24 Pick. 184.

The opinion of the court was delivered by

Williams, Ch. J. This is an application for a writ of *certiorari*, and is an application to the sound judicial discretion of the court, requesting them to inquire, whether, in the records and proceedings of an inferior tribunal, error has so far intervened, as to produce substantial injustice. The courts of justices of the peace are courts of record; they have criminal jurisdiction, and are empowered to fine and imprison. We have examined the record of the justice in the case complained of, and find no error there ;—and, more particularly, we do not find the alleged irregularities, of which the petitioner complains.

In the first place, it does not appear from the record that the verdict was taken in the absence of the prisoner. Moreover, if it did so appear, the proceedings would not be irregular, or void. In trials for inferior misdemeanors, a verdict may be given in the absence of the respondent. The justice, after the verdict, if the respondent did not appear, might have called the respondent and his bail. He might also have issued a warrant to apprehend the respondent, and bring him before him to receive sentence. This is the usual course in the case of a prosecution for a misdemeanor, when the verdict is taken in the absence of the defendant. 1 Chit. Cr. Law 664. These general principles must apply as well to trials before justices, as elsewhere. The warrant, in such a case, should be returnable forthwith, and not on a distant, or particular, day; nor should the court adjourn to any future day, as it must, from the

nature of the case, be uncertain at what time the respondent would be apprehended.

In the case before us the trial was on the seventeenth of February, and the warrant issued on the eighteenth ; and yet the warrant may have issued immediately on the respondent's neglecting to appear. When courts are holden by magistrates on one day, the trials frequently extend into the next. From the records we do not perceive any error. We have also looked into the affidavits, although such affidavits could not be received to alter or vary the record of any regular court of record. From them we do not discover any facts, showing any irregularity in the proceedings of the court, or any discontinuance of the proceedings before the magistrate. The petitioner was legally convicted and fined, so far as we can learn from the records, or from the facts sworn to.

The application for a writ of *certiorari* is therefore refused, and the petition dismissed, with costs.