# E. B. TYLER *v.* STATE OF VERMONT.

*R. L. s. 1428. No petition for appeal in criminal cases.*

R. L. s. 1428, providing for a petition to the County Court for an appeal from the judgment of a justice in certain cases, does not apply to criminal actions.

Petition to enter an appeal from the judgment of a justice of the peace fining the defendant for unlawfully furnishing intoxicating liquor. Heard upon the demurrer of the petitionee at the September term, 1890, Taft, J., presiding. The court sustained the demurrer and dismissed the petition as a matter of law.

The petitioner excepts.

*Geo. E. Lawrence* and *J. E. Manley*, for the petitioner.

The statute is remedial and should be liberally construed.
*Kimball* v. *Kelton*, 54 Vt. 177.
It fairly includes a " party " defendant to a criminal proceeding.
Bou. Dic. Tit. Action ; Bac. Abr. Action " A."

*Edward Dana*, State's Attorney, for the State.

If the petitioner has a remedy, it is by *certiorari*.
*Re* Kennedy, 55 Vt. 1.

The opinion of the court was delivered by

ROSS, Ch. J. This is a petition to be allowed an appeal from a judgment of a justice of the peace under R. L. 1428. The only contention is whether this section is applicable to a state cause. It reads : " When a judgment is rendered by a justice

upon default, and the defendant, or a trustee therein, is unjustly deprived of his day in court, by fraud, accident, or mistake, or such defendant is unjustly deprived of a hearing in the assessment of damages in such action, or when a party or trustee is prevented from entering an appeal from the judgment of a justice by fraud, accident, or mistake, the County Court," etc. It is observed that this relief from being " unjustly deprived of a hearing in the assessment of damages," is limited, by the clause " *in such action.*" This carries us back to the kind of action described in the earlier part of the section, to the defendant or trustee unjustly deprived of his day in court when a judgment has been rendered by a justice upon default. The action thus described is a civil action. In no other action can a judgment be rendered strictly upon default. In the prosecution of felonies the hearing and judgment must be had in the presence of the respondent. In the prosecution of misdemeanors no judgment can be rendered upon default. The respondent must be arrested and put to plead. Then if the court proceeds in the trial to judgment in the absence of the respondent and of his attorneys, as it is held, it may in misdemeanors, in *Sawyer* v. *Joiner*, 16 Vt. 497, in *Gardner Tracy ex parte*, 25 Vt. 93, it must be upon hearing legal evidence, and not upon default. Usually it would not proceed in the hearing to judgment, in the absence of the respondent, and of his attorney, but call and forfeit his bail, or send out a bench warrant to bring him before the court. Throughout the section, the relief is afforded to the defendant or a trustee. A trustee can be brought before the court only in a civil action. The title defendant is more generally applied to a party in a civil, than in a criminal suit, or proceeding. The third case specified is where a party or trustee has been prevented for entering an appeal from the judgment of a justice. Here the use of the word *trustee* would seem to confine the relief to proceedings in a civil cause. It is true the term party is sometimes applied to a respondent in a criminal proceeding. We think the language of the

section, whether considered collectively, or each clause by itself, evinces the intention of the legislature to confine the remedy provided to civil causes. This is also apparent, when the history of legislation on this subject is traced and considered. The law of 1787 allowed *any person aggrieved by the judgment* or *sentence* of any justice of the peace, to remove the cause by *certiorari* to the Supreme Court. By the act of 1792 the right to remove by this writ a civil cause of action, within the jurisdiction of a justice from his judgment rendered on its merits was taken away. But the right so to remove criminal causes remained. *Re Kennedy*, 55 Vt. 1 ; *Sawyer* v. *Joiner*, *supra*. But it was found that some relief was necessary in civil actions against judgments of justices of the peace rendered upon default, where the defendant had failed to appear through fraud, accident or mistake. In 1829 the provisions of Sec. 1428, except so far as they relate to a trustee, were enacted, evidently to furnish the needed relief in this class of civil actions. No. 1, acts 1829. These provisions were extended so as to include a trustee in 1856. Act No. 10, 1856. Hence, from the apparent necessity, calling for the relief furnished by R. L. 1428, from the language used descriptive of the actions to which it is intended to apply, as well as from the relief furnished by *certiorari* to a respondent in criminal proceedings, we conclude it was the intention to have the provisions of R. L. 1428 apply only to civil actions.

*The judgment of the County Court is affirmed.*