NEW YORK MOLINE PLOW COMPANY *v.* B. H. MAECK.

May Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed October 2, 1917.

*Municipal Courts—Jurisdiction—Fraud, Accident and Mistake Statute.*

Prior to the taking effect of No. 254, Acts 1917, a city or municipal court had no jurisdiction, under the Municipal Court Act, of petitions brought under P. S. 2033, known as the "fraud, accident and mistake statute."

PETITION for leave to enter an appeal from the judgment of a justice of the peace, under P. S. 2023, brought to the city court for the City of Burlington. Petitionee moved to dismiss · the petition upon the ground that the court had no jurisdiction or authority to consider or hear the petition or to enter judgment therein. A hearing on the motion before the city court, *C. S. Palmer,* Judge. Judgment, granting the motion, *pro forma,* and dismissing the petition. Petitioner excepted.

*Max L. Powell* for petitioner.

*M. G. Leary* for petitionee.

WATSON, C. J. The plaintiff, on December 26, 1916, filed its petition in Burlington city court, praying for leave to enter an appeal from the judgment of a justice of the peace, relying upon section 2023 of the Public Statutes for thus bringing its petition. The city court dismissed the petition on the ground that it had no jurisdiction of the subject-matter, to which the plaintiff excepted.

The section of the statutes mentioned is what is known as "the fraud, accident and mistake statute," and the power there given is exclusively to the county courts. The plaintiff, however, contends that under Act of 1915, No. 91, municipal and city courts are impliedly given the same powers when by law the ap-

peal is to be taken to such a court, and our attention is called to various provisions of the act, in support of this contention. We notice these provisions below, in their order.

By section 4, each municipal and city court shall have the same powers and duties concerning its judgments, records, and proceedings, as the county court. But the provisions of P. S. 2023 give a county court a similar power over the proceedings of a justice, when a party has been deprived of his day in court by fraud, accident or mistake, that the county court might exercise over its own proceedings. *Mosseaux* v. *Brigham*, 19 Vt. 457.

Section 8 relates to prosecutions of a criminal nature before a justice, exceeding his jurisdiction to try and determine. These provisions carry with them impliedly no powers similar to those granted to county courts under the fraud, accident, and mistake statute; for the provisions of that statute apply only to civil actions. *Tyler* v. *State*, 63 Vt. 300, 21 Atl. 611.

By section 17, in all civil causes before a justice where theretofore an appeal could be had to the county court, such appeal is to be taken to a municipal or city court, if there be such court within the county, or to the county court as now provided by law, except, etc. "The procedure in such cases shall be the same as is now provided by law in case of appeals to the county court." The language in the sentence quoted indicates that the words "procedure in such cases" have reference to the ordinary course to be followed in the cases themselves. They do not have reference to the extraordinary remedy had only by statute, and instituted not to govern the ordinary procedure in the action, but to enable a party to have the benefit of such procedure, of which, without fault on his part, he has been deprived by fraud, accident, or mistake.

By section 27 of the law of 1915, all acts and parts of acts inconsistent with that act are repealed as to all prosecutions and actions instituted after the act takes effect. We have already said enough to show that no inconsistency exists between the two statutes in the respect under consideration, and consequently the force and effect of the earlier, are not changed by the provisions of the later one.

Our attention is also called to section 297 of the charter of the City of Burlington. But that section contains nothing not already covered by our consideration of the case.

It may not be out of place to say that evidently the last Legislature took the same view of the matter, as expressed above; for in the new revision of the statutes, to take effect on February 1, 1918, the law of P. S. 2023, is so changed as to give the powers now held under it by county courts, to any court having jurisdiction of causes appealed from a justice.   Laws of 1917, No. 254.

*The pro forma judgment is affirmed.*