CHARLES W. CLEMENT *vs.* GEORGE S. BULLENS & another, assignees.

Suffolk.    March 31, 1893. — May 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Insolvency — Petition for Order of Attendance for Examination — Affidavit — Jurat of Magistrate — Seal of Notary Public — Summons — Affiant's Knowledge and Belief.*

A petition to the Court of Insolvency, purporting to be brought by A. B. and C. D., the assignees of an insolvent debtor, under the provisions of the Pub. Sts. c. 157, § 70, praying that certain persons be summoned to appear and submit to an examination touching their "knowledge of things material relating to the assets and dealings" of the insolvent debtor, was signed by A. B. only, without official addition, and the affidavit accompanying the petition recited that "the above named" A. B. appeared, and made oath to the truth of the petition. *Held,* that the person signing the petition by so doing impliedly affirmed that he was of the same name as the person who was alleged in the body of the petition to have brought it as assignee, and that the words "the above named" in the affidavit identified the person sworn as the one named in the petition.

The words "Before me" in the jurat of a magistrate are not necessary in all cases, and the meaning of the words "Then personally appeared" is that the affiant personally appeared before the magistrate administering the oath.

The attachment of a seal to the certificate of a notary public is, it seems, not indispensable, even if Pub. Sts. c. 18, § 1, giving to notaries public "the same authority to administer oaths as justices of the peace," do not dispense with the observance by them of all such formalities as are not exacted from justices of the peace.

An affidavit that the facts stated in a petition by one interested in an insolvent estate for the examination of a person under the provisions of Pub. Sts. c. 157, § 70, are true to the best of the affiant's knowledge and belief, states as much

as can be expected of him with regard to most of the facts alleged, and may be quite sufficient to show cause for such an examination.

The summons to a person to appear and submit to an examination under the provisions of Pub. Sts. c. 157, § 70, is not void, although it mentions matters on which the person summoned is not liable to be examined, and its operative part, requiring him to appear for examination, to that extent is good.

PETITION IN EQUITY, filed November 22, 1892, against George S. Bullens and John Brooks, as assignees in insolvency of the estate of the Potter-Lovell Company, an insolvent debtor, alleging that on July 8, 1892, a petition was filed in the Court of Insolvency, by one or both of the respondents as assignees, praying that the petitioner be summoned to appear before that court, and submit to an examination in respect to the matters set forth in the petition ; that a summons was issued, and served on the petitioner, commanding him to appear before the Court of Insolvency and submit to an examination on oath by the assignees or any creditor of the insolvent estate ; that the petitioner appeared specially by attorney before the Court of Insolvency and objected to the examination, on the grounds that the petition was not signed or executed by the persons in whose name it purported to be brought, that it was not verified by affidavit as required by law, that no lawful summons had been issued to him by the court, and that the proceedings were irregular, and not in accordance with the requirements of law ; and that he asked that the proceedings be dismissed, and that he be not held to answer, but that the Court of Insolvency refused to dismiss the proceedings, and ordered the petitioner to submit to examination.

The prayer of the petition was that this court, in the exercise of its supervisory jurisdiction in equity over courts of insolvency, should arrest and stay all further action on the petition of the respondents, and that it should vacate the order of the Court of Insolvency commanding the petitioner to appear and submit to examination, and order the petition to be dismissed.

The petition of the assignees, which was addressed to the judge of the Court of Insolvency for the county of Suffolk, described the petitioners as " George S. Bullens of Newton and John Brooks of Cambridge, as they are assignees in insolvency of said Potter-Lovell Company, insolvent debtor in insolvency," and, after setting forth various facts and transactions not material to the understanding of the case, averred that the petitioner and

others had "knowledge of things material relating to the assets and dealings of said insolvent corporation," and prayed that they " be summoned to appear and submit to an examination in respect to the matter aforesaid, and in respect to other dealings and transactions rising out of or touching the premises and otherwise." The petition was signed " Geo. S. Bullens," and the jurat of the magistrate was as follows: " Then personally appeared the above named George S. Bullens and made oath that he had read the foregoing petition and knows the contents thereof, and that the same is true to the best of his knowledge and belief. James J. Myers, Notary Public."

The summons issued on the foregoing petition by the Court of Insolvency commanded the petitioner to appear and submit to an examination " on oath before the judge of said court, by the assignees or by any creditor of said insolvent estate, touching or relating to any money, goods, effects, or other estate of the insolvent debtor, fraudulently received, concealed, embezzled, or conveyed away by you; or any assets of said insolvent debtor in your possession ; or of anything material relating to the assets or dealings of said insolvent debtor, of which you have knowledge."

The case was heard before *Lathrop*, J., upon the petition alone, the truth of the facts stated therein having been admitted by the respondents. The judge dismissed the petition, and the petitioner appealed, and afterward, at the petitioner's request, the judge reported the case for the determination of the full court.

*Samuel Hoar*, for the petitioner.

*J. C. Coombs*, for the respondents, was not called upon.

HOLMES, J. The objections urged to the order of the Court of Insolvency that Clement should appear and answer are as follows.

It is said that the petition on which the order was made purports to be brought by two assignees, but is signed and sworn to by only one person, and by him without official addition, so that, as far as appears, " the above named George S. Bullens " mentioned in the affidavit may be some one other than the assignee of that name, and may not be a " person interested in the estate," as required by Pub. Sts. c. 157, § 70.

The answer to this is that the person signing the petition by doing so impliedly affirmed that he was the person of the same

name alleged in the body of the petition to bring it as assignee, and that the words "the above named," just quoted from the affidavit, identify the Bullens sworn as the one named in the petition. These considerations without more would have warranted the judge of the Court of Insolvency in finding that the affidavit was made by an assignee. But, for all we know, Bullens the assignee presented the petition to the judge in person. It is alleged in the bill before us that the petition "was filed . . . by one or both of said assignees."

The affidavit is objected to because the notary public subscribing it did not insert the words "Before me," and did not attach his seal. However it may be as to affidavits before a commissioner required to obtain a certiorari, (*The Queen* v. *Bloxham,* 6 Q. B. 528,) or as the basis of an appeal, (*Smart* v. *Howe,* 3 Mich. 590,) the words "Before me" have not been held necessary in all cases. *Empey* v. *King,* 13 M. & W. 519. We are of opinion that the words "Then personally appeared," which did not occur in any of the foregoing cases, mean personally appeared before the signer, by their only fair interpretation. Furthermore, unless the allegation in the bill that the summons was issued "on said petition and affidavit" excludes the possibility, we cannot say that the notary did not attend Bullens before the judge, and make an oral statement. As to the want of a seal, a justice of the peace adds no seal to his certificate. If it is not true that when notaries public were given "the same authority to administer oaths as justices of the peace," (Pub. Sts. c. 18, § 1,) it was not intended to require of them formalities which were not exacted from justices of the peace, then the case is disposed of by *Jackman* v. *Gloucester,* 143 Mass. 380.

It is objected that an affidavit that the petition is true to the best of the affiant's knowledge and belief is insufficient, citing *Hadley* v. *Watson,* 143 Mass. 27. But that was as far as the affiant could be expected to go with regard to most of the facts alleged, and may be quite sufficient to show cause for examining a person under Pub. Sts. c. 157, § 70. *O'Neil* v. *Glover,* 5 Gray, 144. *American Carpet Lining Co.* v. *Chipman,* 146 Mass. 385. *Binney* v. *Globe National Bank,* 150 Mass. 574.

The summons is in an unusual and bad form. It commands the present petitioner to appear and to submit to an examination

touching any estate of the insolvent debtor fraudulently received, concealed, embezzled, etc. by the petitioner, or any assets of the insolvent debtor in his possession, or "anything material relating to the assets or dealings of said insolvent debtor, of which you have knowledge," following the language of the statute as to the various matters of suspicion or knowledge which severally are cause for a summons, and going beyond the subjects for which a foundation was laid by the affidavit, and we imagine beyond anything intended to be imputed to the petitioner. It may be a question whether, when any cause is shown for an examination, the examination may not extend beyond the affidavit to anything material relating to the assets or dealings of the debtor. The statute, after providing for an examination of the debtor touching "all matters which may affect the settlement of his estate in insolvency," provides that upon cause shown other persons may be summoned to submit to an examination "in like manner," which would seem to open a broad field. But even if the summons mentioned matters on which the plaintiff is not liable to examination, it is not void. Its operative part is to require the plaintiff to appear for examination, and to that extent it is good. It could not adjudicate in advance what questions the plaintiff is bound to answer, and must not be construed as purporting to do so. If, at the examination, questions shall be put to him which he deems unauthorized, he can raise the objection then, before the judge of insolvency.

We have not found it necessary to consider the other objections to the bill.

*Bill dismissed.*