WILSON BROS. GARAGE *v.* ERNEST TUDOR.

October Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed November 15, 1915.

*Pleading—Nature of Pleas—Pleas in Abatement and in Bar—Parliament—Firm Name—Statutory Requirements as to Registration—No. 117, Acts 1908—Courts—Jurisdiction of Process—Conditions Precedent to Jurisdiction.*

Pleas that recite only matters in abatement, but severally conclude by praying judgment. if plaintiff ought to have or maintain its aforesaid action, are pleas in bar.

Where plaintiffs, A. H. Wilson and C. J. Wilson, were doing business under the firm name of "Wilson Brothers Garage," they were subject to No. 117, Acts 1908, and were required to file the prescribed return and to pay the required registration fee.

Where a partnership subject to No. 117, Acts 1908, had not filed the return and paid the fee thereby required before the issuance of the original writ in an action brought by them, the writ was void, and the court was without jurisdiction of the process, which jurisdiction is essential to jurisdiction of the subject-matter, and so this was not a mere irregularity that was waived by not taking advantage thereof according to the rules governing dilatory pleadings, but was a complete defect that could not be waived by the adverse party.

GENERAL ASSUMPSIT, Windham County, April Term, 1915, *Butler,* J., presiding.

This is an appeal from the judgment of a justice of the peace in an action of general assumpsit. In the writ the plaintiffs are set up as "A. H. Wilson and C. J. Wilson partners doing business under the firm name and style of Wilson Bros. Garage," of Brattleboro, this State. The copies of appeal show that before the justice the defendant pleaded the general issue and set-off, and filed specifications in set-off. On trial judgment was rendered for the plaintiffs. Defendant appealed. The only pleadings filed by the defendant in the county court were three special pleas, the substance of which is, that the plaintiff, since, to wit, the first day of April, 1914, has been and is a copartnership doing business in this State under a name which does not contain the surnames of all copartners or members thereof without any other descriptive or designating words except the Christian names or initials of such copartners or members, to wit, a copartnership composed of A. H. Wilson and C. J. Wilson doing business under the firm name and style of Wilson Bros. Garage; that during all said time, the plaintiff has been and is a copartnership required by the provisions of No. 117, Acts of 1908, to file returns and pay a registration fee to the commissioner of state taxes, for the benefit of the State; that prior to the issuance of the original writ in this suit, the plaintiff did not file the returns and pay the registration fee, so required; and that the right or obligation which the plaintiff seeks to enforce in this suit accrued since the day and year above named.

The plaintiffs moved that these pleas be struck from the record, for that they were filed out of time and out of order. At the hearing on the motion, plaintiff expressly waived all objection to the failure to file said pleas within ten days after the time for entering appearance had expired, as required by Rule 4 (relating to dilatory pleas) and Rule 11 (relating to pleas in bar), but did object on the ground stated in the motion. The court held that these pleas were essentially dilatory, and that the right to take advantage of the matters alleged therein was waived by pleading to the action as shown by the copies of appeal; and accordingly granted the motion to strike them from the files. To this ruling defendant excepted, and the case was set for hearing. Defendant elected to stand upon his exception,

whereupon judgment was rendered for the plaintiffs to recover the amount· of its claim and costs, to which defendant also excepted.

By laws of 1908, No. 117, sections 1 and 3, a person doing business in this State under any name other than his own, and every copartnership or association of individuals, except corporations, doing business in this State under any name which does not contain the surnames of all copartners or members thereof without any other descriptive or designating words except the Christian names or initials of such copartners or members, shall within ten days after the commencement of doing business, make and file returns in the clerk's office in the town or city wherein the principal place of such business is located, setting forth the name under which such business is carried on, the name of the town or city in which it is located, a brief description of the kind of business to be transacted under said name, and the individual names and residences of all persons, copartners or members so doing business thereunder; and within the same time, a like return shall be filed with the commissioner of state taxes. By sections 2 and 3, corporations doing business in this State under any name other than that of the corporation, shall be subject to the provisions of this Act, and shall file returns within the time specified. By section 5, a person, copartnership, association or corporation so required to file a return, shall at the time of filing it, pay to the commissioner of state taxes for the benefit of the State, a registration fee of three dollars. And by section 11, no person, copartnership, association or corporation subject to this Act, shall institute any proceedings in this State for the enforcement of any right or obligation thereafter accrued or accruing unless it shall, prior to the issuance of the original writ or complaint therein, have filed the returns and paid the registration fee required by this Act.

*Chase & Chase* for the defendant.

*Barber & Barber* for the plaintiffs.

WATSON, J. The three pleas filed in the county court, even· though they be said to contain matters only in abatement, severally concluded by praying judgment if the plaintiff ought to have or maintain its aforesaid action, and therefore they were

pleas in bar. Williams's Notes, 2 Saund. 209c; 1 Chit. Pl. 460; *Lyman* v. *Central Vermont R. R. Co.,* 59 Vt. 167, 10 Atl. 346. Yet, as will be seen, the ruling that those pleas were dilatory in character was not of as much consequence as the further ruling in connection therewith, that the right to take advantage of the matters alleged therein was waived by pleading to the action before the justice.

There can be no doubt that the plaintiff partnership falls within the provisions of the Act of 1908, requiring returns to be filed and registration fees to be paid. At the time of the hearing on the motion to strike these pleas from the record, it was conceded that the plaintiff did not comply with the provisions of that Act prior to the issuance of the original writ in this case. Whether the pleas were in abatement or in bar, they served to bring the matter of the copartnership's noncompliance with this statute, to the attention of the court, and the fact of such noncompliance being conceded, it conclusively appeared that the issuance of the original writ was in direct violation of the peremptory terms of section eleven of that Act; and consequently that the writ was void, and the court without jurisdiction of the process. Jurisdiction of the process is as essential as jurisdiction of the subject-matter. It was not a mere irregularity which is waived if advantage thereof not taken according to the rules governing dilatory pleadings; it was a complete defect in the proceedings which could not be waived by the adverse party. Tidd's Pr. *515; *Perkin* v. *Proctor,* 2 Wils. 382; *Parsons* v. *Loyd,* 3 Wils. 341; *Hussey* v. *Wilson,* 5 Term Rep. 254; *Taylor* v. *Phillips,* 3 East. 155; *Wickham* v. *Mealing,* 2 Price, 9; *Osborne* v. *Taylor,* 1 Chit. Rep. 400; *Grumon* v. *Raymond,* 1 Conn. 40, 6 Am. Dec. 200. In *Goodwin* v. *Parry,* 4 Term Rep. 577, where the words of the statute, 27 Geo. 3, c. 1, were positive that no process should be sued out to enforce the penalty mentioned, until an affidavit had been first duly made and filed, and no affidavit was so made and filed, it was held that the defendants could not waive the objections, and that the writ must be quashed. To the same effect in principle are the holdings in this State. By P. S. 2081, no person who is a resident of any of the United States, shall be arrested or imprisoned on mesne process issued on a contract, etc.; but by section 2082, if the plaintiff, his agent or attorney, praying out a writ on contract, files with the authority issuing the writ an affidavit stating that he has good

reason to believe and does believe that the defendant is about to abscond or remove from the State, etc., such writ may issue against and be served upon the body of the defendant. Under this statute it is held that a magistrate has no jurisdiction to issue a writ on a contract, against the body of the defendant, unless an affidavit be first filed, answering the requirements of the latter section; that a writ so issuing without such affidavit being first filed, is void, and the court has no jurisdiction of the process; and that the objection is not of a dilatory character which is waived by failure of defendant to take advantage of it at the earliest opportunity,—he may raise the question at any stage of the proceeding. *Aiken* v. *Richardson,* 15 Vt. 500; *Muzzy* v. *Howard,* 42 Vt. 23; *Adams* v. *Whitcomb,* 46 Vt. 708; *Pike* v. *McCullin,* 66 Vt. 121, 28 Atl. 876.

Since the justice had no jurisdiction of the process, the whole proceeding is *coram non judice,* and a mere nullity.

*Judgment reversed, and judgment that the suit be dismissed for want of jurisdiction. Let the defendant recover his costs.*