CHESTER J. SARGENT v. FRANK SHEPARD.

May Term. 1920.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 5, 1920.

G. L. 2360—*Capias Writ in Contract Action—Failure to File Affidavit Jurisdictional Defect—Motion Technically Inappropriate Treated as Motion to Dismiss—Affidavit not Following Statute Held Sufficient—Venue of Affidavit Presumed Within Certifying Officer's Jurisdiction—Affidavit Presumed to Have Been Sworn to Before Officer Signing Jurat.*

1.  In an action on a contract, the writ can issue as a *capias* only when an affidavit is filed with the authority issuing the same, as provided in G. L. 2360, and, without such an affidavit, a writ so issuing is void, and preceedings under it are *coram non judice.*
2.  Where such an affidavit is not filed, the defect is not dilatory in character, but is jurisdictional, and the question may be raised at any stage of the proceedings.
3.  In such case, the defendant's rights should not be prejudiced because his motion was not in form or substance technically appropriate to reach the defect; but the same will be treated as a motion to strike off the judgment and dismiss the action for want of jurisdiction of process.
4.  An affidavit, under G. L. 2360, properly bearing the title of the case of which it is a part, and asserting that the plaintiff had good reason to believe and did believe that the defendant had secreted property "to an amount sufficient to satisfy the demand in said action," is sufficient, though not following the

language of the statute; the filing of the affidavit and the issuance of the writ, being, in contemplation of the law, simultaneous acts, and parts of the same transaction.

5.  Where the venue of an affidavit certified by a notary public is laid as "State of Vermont, Windsor County, ss.," it will be taken that the affidavit was made and sworn to at some place in that county, which is within a notary's jurisdiction.

6.  It is now generally considered that a venue is not essential to the validity of an affidavit, and courts presume that the officer who certifies to it acted within his jurisdiction.

7.  The omission of the words "before me," preceding the signature of the notary, is not fatal to the jurat to an affidavit; it being presumed that the affidavit was sworn to before the notary who attached his signature to the jurat.

ACTION OF CONTRACT, in which the writ issued as a *capias* under G. L. 2360. Trial by court in the Hartford Municipal Court, Windsor County, *A. G. Whitham*, Municipal Judge. At the close of plaintiff's evidence, the defendant rested, and judgment was rendered for the plaintiff. The defendant then filed a motion in arrest of judgment, and to dismiss the writ, "for that no sufficient affidavit was filed with the authority issuing said writ, as required by G. L. 2360." Motion overruled. The defendant excepted. The opinion states the case.

*Hugh Moore* for the defendant.

*Roland E. Stevens* for the plaintiff.

POWERS, J. [1-3] In an action on a contract, the writ can issue as a *capias* only when an affidavit is filed with the authority issuing the same, as provided in G. L. 2360. Without such an affidavit, a writ so issuing is void, and proceedings under it are *coram non judice*. The defect is not dilatory in character, but is jurisdictional, and the question may be raised at any stage of the proceedings. *Wilson Bros. Garage* v. *Tudor*, 89 Vt. 522, 95 Atl. 794, and cases cited. The sufficiency of the affidavit here filed, therefore, is for consideration, though the defendant appeared at the trial below and did not object to the sufficiency of the process until judgment had been rendered against him. Nor should the defendant's rights be prejudiced by the fact that the

motion filed by him in the court below was not, either in form or substance, technically appropriate to accomplish the defendant's purpose in filing it. It should have been treated below as a motion to strike off the judgment and dismiss the action for want of jurisdiction of the process. And in the circumstances, it will be so treated here.

[4] The sufficiency of the affidavit before us is challenged on the three grounds considered below:

1. It asserts that the plaintiff had good reason to believe and did believe that the defendant had secreted property "to an amount sufficient to satisfy the demand in said action." The defendant insists that it should have followed the language of the statute, and asserted that the defendant had secreted property to an amount "sufficient to satisfy the demand upon which he is to be arrested."

But this is spinning it too fine; the affidavit properly bears the title of the case of which it forms a part, and the reference which it contains to the demand in that action is enough to show that it was the one on which the defendant was to be arrested. See *Davis* v. *Dorr*, 30 Vt. 97. It cannot be said that no action was then pending, for in contemplation of the law the filing of the affidavit and the issuance of the writ are simultaneous acts; and though the former necessarily precedes the latter, they are parts of the same transaction.

[5, 6] 2. Nor can we sustain the claim that the affidavit does not sufficiently show where it was made and sworn to; for, assuming that this must appear in order to show that the officer before whom it was sworn to was acting within his territorial jurisdiction, it is quite sufficient if this appears by implication. 1 R. C. L. 768. The venue of the affidavit before us is laid as "State of Vermont, Windsor County, ss," and it is certified by a notary public. In these circumstances, it will be here taken that the affidavit was made and sworn to at some place in Windsor County, which is within a notary's jurisdiction in such cases. G. L. 3906. Moreover, it is now generally considered that a venue is not essential to the validity of an affidavit, and courts indulge a presumption that the officer who certifies to it acted within his jurisdiction. 2 C. J. 345. *Black* v. *Minneapolis, etc., R. Co.*, 122 Ia. 32, 96 N. W. 984.

[7] 3. The jurat to the affidavit before us reads as follows: "Subscribed and sworn to this 13th day of November,

1919. Roland E. Stevens, Notary Public.'' The omission of the words ''before me,'' preceding the signature of the notary, is not fatal, though cases so holding are to be found. These or equivalent words are not always regarded as essential. *Clement* v. *Bullens*, 159 Mass. 193, 34 N. E. 173; *Empey* v. *King,* 13 M. & W. 519. The most that is required is that enough appear to warrant an inference that the affiant personally appeared before the officer who signs the jurat. 2 C. J. 361. The jurat itself is the certificate of an officer of the law; official acts are presumed to be regular (*McKinstry* v. *Collins*, 76 Vt. 221, 56 Atl. 985) ; and, nothing to the contrary appearing, it will be presumed that this affidavit was sworn to before the notary who attached his signature to the jurat. *Black* v. *Minneapolis, etc., R. Co., supra.*

*Affirmed.*