HARRY B. AMEY ET AL. *v.* VERMONT PRODUCTS CO.

January Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed February 5, 1935.

*Porter, Witters & Longmoore* for the defendant.

*Harry B. Amey* and *Arthur L. Graves* for the plaintiffs.

SHERBURNE, J. This is an action of contract brought in the names of Harry B. Amey and Oliver H. Cameron, "duly licensed to practice law in the State of Vermont and doing business under the firm name and style of Amey & Cameron," to recover for services ranging over a period of years commencing in 1917. Hearing was before a referee. Judgment was for the plaintiffs.

The referee found that during all the time involved here the plaintiffs were associated under an arrangement whereby Cameron came into Amey's office and worked for him for a salary. Amey paid all the expenses of the office and business. On some occasions Amey made presents to Cameron of different sums of money, but there was no set sum or percentage ever agreed to. They used letterheads and billheads upon which the words "Amey & Cameron" appeared. They had a sign on the door "Amey & Cameron," and at one time ran a card in the local paper under that name. Practically all the law business done was under the name of "Amey & Cameron," and the services here in question were rendered in that name under the above arrangement, so far as they were rendered. Although Amey was the owner, director, and financial support of the business, the plaintiffs held themselves out to the public as partners, but the referee was unable to find that, so far as their relations to one another were concerned, they were partners.

Amey never registered or made return under No. 117 of the Acts of 1908 or G. L. 5739 as to doing business under a name other than his own. By Section 1 of No. 117 of the Acts of 1908, later G. L. 5739, and now P. L. 6040, "A person doing business in this state * * * under any name other than his own, and every copartnership or association of individuals, except corporations, doing business in this state * * * under any name which does not contain the surnames of all copartners or members thereof without any other descriptive or designating words except the Christian names or initials of such copartners or members, shall "make a certain return." The referee found from the facts reported that as a matter of law the plaintiffs were an "association" within the meaning of the act, and were not required to file a return. To this finding the defendant excepted.

It is unnecessary to cite authorities to show that the plaintiffs were not in fact partners. They were merely nominal or ostensible partners, and had it not been for the above act there would

180

·have been no misjoinder because this action was brought in the names of both. *Waite et al.* v. *Dodge et al.*, 34 Vt. 181, 183.

But the plaintiffs say that they come within the meaning of the word "association" as used in the act. It is unnecessary to determine if this is so. Despite the ingenious argument of the plaintiffs, we are satisfied that the purposes of the act would be defeated if the plaintiffs are permitted to maintain this action in their joint names as nominal or ostensible partners, or as an association, when it is plainly a situation where Amey was doing business in a name other than his own, contrary to the express provision of the act, and is the real plaintiff here.

■ Section 11 of the act, later G. L. 5751, now P. L. 6053, provides that no person subject to the provisions of the act shall institute any proceedings in this State for the enforcement of any right or obligation unless he shall, prior to the issuance of the writ, have filed the required returns. The required returns not having been filed, the court was without jurisdiction. *Wilson Bros. Garage* v. *Tudor*, 89 Vt. 522, 525, 95 Atl. 794.

*Judgment reversed, and judgment that the suit be dismissed for want of jurisdiction. Let the defendant recover its costs.*