Hart v. Chaves Londonderry Gravel Pit, LLC, No. 464-9-09 Wmcv (Wesley, J., Apr. 7, 2010)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

| STATE OF VERMONT | WINDHAM SUPERIOR COURT |
|---|---|
| WINDHAM COUNTY | DOCKET NO. 464-9-09 Wmcv |

**DORENNA HART and KRAIG HART**
**d/b/a FROG'S LEAP INN,**
    **Plaintiffs,**

      **v.**

**CHAVES LONDONDERRY GRAVEL**
**PIT, LLC, DAVID CHAVES EXCAVATING,**
**INC., DAVID CHAVES, THOMAS DRILLING**
**AND BLASTING CORPORATION,**
    **Defendants.**

### OPINION AND ORDER ON MOTIONS

Plaintiffs Dorenna and Kraig Hart allege damages stemming from blasting and other industrial activities conducted by Defendants at a gravel pit located near Plaintiffs' inn in Londonderry, Vermont.  Defendants now move to dismiss, arguing Plaintiffs failed to register the inn's trade name, "Frog's Leap Inn," prior to bringing suit.  In response, Plaintiffs moved to amend the Complaint, clarifying that the real parties in interest are Dorenna and Kraig Hart, individually.  Plaintiffs are represented by Attorney Hans Huessy; Defendant Chaves Londonderry Gravel Pit, LLC, is represented by Attorney Amy Clarise Ashworth; Defendants David Chaves and David Chaves Excavating, Inc., are represented by Attorney Richard Windish; and Defendant Thomas Drilling and Blasting Corporation is represented by Attorney Brian Joslin.

In support of dismissal, Defendants argue Plaintiffs brought this action as "Dorenna Hart and Kraig Hart d/b/a Frog's Leap Inn" without first registering the name "Frog's Leap Inn" with the Secretary of State.  Defendants argue that failure to register

the trade name deprives the Court of jurisdiction. See 11 V.S.A. § 1634 (requiring "registration" of trade name prior to institution of action).

On November 17, 2009, Plaintiffs filed an Opposition, which included a copy of a "tradename registration" form recently filed in response to Defendants' Motion, as well as the Affidavit of Dorenna Hart, which stated:

. . .

4. On or about August 10, 1998, we incorporated Dorenna Hart Enterprises, Incorporated . . . .
5. We [Dorenna and Kraig Hart] were the sole directors and officers of Dorenna Hart Enterprises and each owned 50% of its stock.
6. On or about August 10, 1998, Dorenna Hart Enterprises, Inc. registered the "frog's Leap Inn" tradename for the bed and breakfast with the Vermont Secretary of State's Office.
7. Dorenna Hart Enterprises, Inc., d/b/a Frog's Leap Inn, continuously operated the bed and breakfast from 1998 through February 2008, when Dorenna Hart Enterprises was dissolved.
8. All of the assets and liability of Dorenna Hart Enterprises, Inc. passed to my husband and I as its sole shareholders upon its dissolution.
9. Since the dissolution of Dorenna Hart Enterprises, we have continued to operate the business as a sole proprietorship.
10. All of Dorenna Hart Enterprises' rights to the trade name the "Frog's Leap Inn" passed to us upon its dissolution.
11. The sole proprietorship recently filed an application to re-register the trade name Frog's Leap Inn.

Plaintiffs argue in their Opposition that their case, though titled "Dorenna and Kraig Hart d/b/a Frog's Leap Inn," in fact was brought by the Harts, individually, and that at the dissolution of Dorenna Hart Enterprises, Inc., "they assumed all corporate liabilities and received all corporate assets, including the real property referred to in the Complaint." Plaintiffs argue that no action should be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time for objection has passed (see V.R.C.P. 17(a)), and that they have now clarified that Dorenna and Kraig Hart, individually, are the real parties in interest.

2

Plaintiffs also made an unopposed Motion to Amend the Complaint, striking the term "d/b/a Frog's Leap Inn" to make clear that the real parties in interest are the Harts, individually, and also to clarify that they assumed all interest of Dorenna Hart Enterprises, Inc. Plaintiffs also supplied the "Articles of Dissolution" form of Dorenna Hart Enterprises, Inc., as well as a copy of a Quit Claim Deed in which Dorenna Hart Enterprises relinquished property in Londonderry to the Harts.

Undeterred, Defendants maintain dismissal is appropriate regardless of any amendment, arguing Plaintiffs have continued to operate the inn under the name "Frog's Leap Inn," even after dissolution of Dorenna Hart Enterprises, Inc., and arguing Plaintiffs' attempt to sue in their own names would make 11 V.S.A. § 1634 pointless. The Court disagrees.

Section 1634 provides:

A person . . . shall not institute any proceedings . . . for the enforcement of any right or obligation unless . . . prior to the issuance of the original return or complaint therein, have filed the returns and paid the registration fee required by this chapter[.]

The purpose of requiring registration is to provide information to those engaging in business transactions with entities operating under assumed names. See *Senesac v. Duclos*, 128 Vt. 601, 602 (1970) (statutory purpose is notice); 11 V.S.A. § 1621 (person doing business must provide: (1) assumed name; (2) town; (3) description of business; and (4) names and residences of individuals). States analyzing analogous "assumed name" statutes have not applied them to dismiss *tort* actions brought by Plaintiffs with unregistered assumed names, reasoning that tort actions typically arise in circumstances unconnected to the statutes' purpose of providing information to those *doing business* with an entity utilizing an assumed name. See, e.g., *Caruso v. Local Union No. 690 of*

*Int'l Bhd. of Teamsters*, 653 P.2d 638, 642 (Wash. Ct. App. 1982) (collecting cases) ("[s]ince the alleged wrongful acts in this case are not based on a business transaction contemplated by [the statute], the court properly denied the motion to dismiss for failure to prove the filing of a certificate of assumed business name") (rev'd on other grounds by *Caruso v. Local Union No. 690 of Int'l Bhd. of Teamsters*, 670 P.2d 240 (Wash. 1983). See also 57 Am Jur. 2d *Name* § 75 (assumed name statutes are generally inapplicable in tort actions).

Considering these well-reasoned authorities, the Court is likewise persuaded that Vermont's "assumed name" law is designed primarily for application in disputes in business transactions. Indeed, each of the cases cited by Defendants appear to involve business disputes in which plaintiffs operated under unregistered assumed names. See *Wilson Bros. Garage v. Tudor*, 89 Vt. 522 (1915) (action "of general assumpsit"); *Amey v. Vt. Prods. Co.*, 107 Vt. 178 (1935) (action in contract for services rendered); *Senesac v. Duclos*, 128 Vt. 601 (1970) (action to recover balance of purchase price of truck).

On the other hand, Plaintiffs' claims here sound squarely in tort, and have nothing to do with business dealings between Plaintiffs and Defendants. Accordingly, the Court does not apply section 1634 to dismiss the Complaint. Moreover, to the extent section 1634 has any application in tort cases like this one, the Court is satisfied by Plaintiffs' proof that the trade name "Frog's Leap Inn" was, at the time Plaintiffs' claims accrued, and is now again, registered with the Secretary of State; hopefully putting to rest any lingering confusion about Plaintiffs' true identity.

**WHEREFORE** it is hereby **ORDERED**:

Defendants' Motions to Dismiss are **DENIED**.

Plaintiffs' Motion to Amend Complaint is **GRANTED**.


DATED _____, at Newfane, Vermont.


_____
John P. Wesley
Presiding Judge